HOFFMAN, RESPONDENT, *v.* JOHNSTON ET AL., APPELLANT.
No. 8729
Submitted May 19, 1947. Decided June 13, 1947.
181 Pac. (2d) 792

232

Messrs. Weir, Clift & Bennett, and Mr. Newell Gough, Jr., all of Helena, for appellants. Mr. Clift argued the cause orally.

Mr. M. J. Thomas, of Helena, for respondent. Mr. Thomas argued the cause orally.

MR. JUSTICE CHEADLE delivered the opinion of the Court.

Appeal from a judgment in favor of plaintiff and against defendants for personal injuries resulting from a collision involving a taxicab in which plaintiff was riding as a passenger.

At the time plaintiff's injuries were sustained she was employed by the Mountain States Telephone and Telegraph Company, as a switchboard operator at Fort Harrison, adjacent to Helena. The record establishes an agreement between the employer and plaintiff that the latter would be transported to and from Helena and Fort Harrison at the expense of the former. It further establishes a contract between the employer and the defendants for the daily transportation by the latter of plaintiff and other employees of the former, from Helena to Fort Harrison and return at the regular tariff of $1.50 per trip; that trips for such purpose were to be made on schedule to accommodate the telephone company's regular shifts; that defendants' cabs, on such trips, were to transport the company's

employees exclusively. Aside from the time schedule the telephone company had no control over the operation of defendant's vehicles, such as the rate of speed, the route to be followed, the selection of drivers, or the mechanical maintenance of the vehicles. The defendants operated as a licensed common carrier of passengers.

The employer company was operating under Plan I of the Workmen's Compensation Act of the state of Montana, Rev. Codes 1935, secs. 2970-2977, and the plaintiff was bound by the terms and provisions of said Act, by reason of her not having elected otherwise.

Prior to trial the defendants moved for a judgment on the pleadings, on the ground that the facts alleged in the answer and admitted by the reply constituted a complete defense as a matter of law under the provisions of the Workmen's Compensation Act, Rev. Codes 1935, sec. 2816 et seq., and that plaintiff is barred and foreclosed from maintaining an action. This motion was denied.

At the commencement of the trial defendants objected to the introduction of any evidence on the ground that under the pleadings plaintiff is not entitled to recovery as a matter of law.

At the conclusion of plaintiff's case, defendants moved for a judgment of nonsuit and dismissal on substantially the same grounds. After both parties had rested, defendants moved for a directed verdict. Both of these motions were denied. The jury's verdict was in favor of palintiff, and judgment was entered accordingly, from which this appeal is taken.

The defendants assign error by the trial court in overruling their motion for judgment on the pleadings, their objection to introduction of evidence, their motions for judgment of nonsuit and for a directed verdict and for a new trial. Error is also predicated upon the overruling of defendants' objection to the giving of plaintiff's proposed instruction No. 5, which was given as court's instruction No. 8.

The sole issue on this appeal is whether plaintiff is entitled

to recover damages in any amount from the defendants; or, to put it another way, whether recovery by the plaintiff is barred by the provisions of the Workmen's Compensation Act. It is defendants' contention that since at the time of the accident plaintiff was being transported by her employer within the course of her employment, in connection therewith, and as a part thereof, her sole remedy is against her employer under the terms of the Workmen's Compensation Act. It is pointed out that the defendant company was employed by plaintiff's employer to furnish transportation as the employer's agent and that plaintiff was riding in the taxicab without cost or expense to herself as an employee of the telephone company, such transportation being furnished as a part of her employment at the expense of her employer, which was operating under Plan I of the Workmen's Compensation Act, by the terms of which plaintiff was bound.

Appellants rely on section 2839, Revised Codes of Montana, 1935, which provides: "Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, *as between themselves,* of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative, and all persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy or insolvency. *Provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so received by such employee, are caused by the act*

*or omission of some persons or corporations other than his employer, and where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof, then such employee, or in case of his death his heirs or personal representatives, shall, in addition to the right to receive compensation under the workmen's compensation act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury \* \* \*."* (Emphasis ours.)

Instruction 8, given over defendants' objection, follows:

"You are instructed that in this case the defendants interposed as a defense the fact that the plaintiff and her employer were enrolled under the provisions of the Workmen's Compensation Act of the state of Montana and that therefore her sole and exclusive remedy for her injuries is to receive compensation from her employer and that she could not maintain this action against the defendants.

"The court has passed upon this question as a matter of law and now charges you that you are to disregard all testimony, exhibits or pleadings concerning this defense and the only questions for your determination are whether the defendants were guilty of negligence as charged in the complaint and what if any injuries or damages plaintiff received as the proximate result of such negligence."

The question is whether the proviso in section 2839, under the facts and circumstances of this case, restricts plaintiff's relief to recovery under the Workmen's Compensation Act, or whether it permits recovery as well against an independent tort-feasor.

It is urged by appellants that plaintiff's injury occurred while she was engaged in the performance of her employment, and that the cause of the injury was directly connected with her regular employment and necessarily followed as an incident thereof, and hence that there can be no recovery other than under the compensation Act. Under the circumstances of this

case we think it must be conceded that the injury was sustained in the course of plaintiff's employment, so as to entitle plaintiff to recover under the compensation Act. Both plaintiff and the employer company so assumed. But we think it does not necessarily follow that the cause of the injury had a direct connection with plaintiff's regular employment and arose out of, or necessarily followed as an incident of, such regular employment. It is not reasonable to assume that the legislature, by the amendments to section 2839, intended to deprive an injured workman of his right of action against an independent tortfeasor, simply because, at the time of the injury, he happened to be acting in the course of his employment. The opposite intent is indicated by the provision in the same section for subrogation of the employer or insurance carrier to any recovery against a third party as reimbursement for specified portions of compensation paid. The legislature, by amendment of section 2839, Revised Codes 1921, by Chapter 138, Laws of 1933, apparently intended to remove the all-inclusive restriction upon recovery by an injured workman from an independent tortfeasor imposed by the terms of the 1921 Act, as interpreted by this court. Bruce v. McAdoo, 65 Mont. 275, 211 Pac. 772; Black v. Northern Pacific Railway Co., 66 Mont. 538, 214 Pac. 82; Clark v. Olson, 96 Mont. 417, 31 Pac. (2d) 283. The language of the proviso found in the amendment, and the inclusion of the words "as between themselves" indicates an intention of restricting the method of settlement for injuries only as between employer and employee.

The case of Koppang v. Sevier, 101 Mont. 234, 53 Pac. (2d) 455, 456, is the only pronouncement of this court involving an interpretation of section 2839 as amended by the 1933 Act. There the deceased was employed as a guard on a road construction project of the state. While endeavoring to stop the automobile being driven by the defendant for the purpose of taking up a card of instruction handed to defendant as he entered the construction area, the deceased was struck by such vehicle, and killed. In reversing a judgment on the pleadings in defendant's

favor, this court had occasion to examine into the effect of the 1933 amendment and the legislative intent in its adoption. Since we feel that the decision in the case is peculiarly applicable here, we quote extensively from the opinion:

"The previous decisions of this court involving the matter now under consideration are Bruce v. McAdoo, 65 Mont. 275, 211 Pac. 772; Black v. Northern Pacific Ry. Co., 66 Mont. 538, 214 Pac. 82, both decided long before the enactment of the 1933 Law, and Clark v. Olson, 96 Mont. 417, 31 Pac. (2d) 283, 285, which arose under the provisions of the old law and, although tried in the district court before the 1933 enactment, was not finally decided until after that enactment. It is not necessary to review again the legal consideration which controlled those decisions. The opinions contain able and comprehensive discussions of the general subject, with abundant citation of authority. They doubtless declared the law as it then existed.

"It is interesting to observe that the Olson opinion, having been written after the passage of the 1933 Act, took cognizance thereof and discussed the principles involved. In making plain the logic of certain features of the Workmen's Compensation Act, the court said: 'The spirit of the law is that an employee is to be guaranteed compensation for all injuries incident to the particular employment received in the course of the employment. To illustrate: An employee in his regular employment may be injured by an independent agency having no connection with the employer or his business. That appears to be the case here. The wrongdoer in such case may be financially responsible, and yet he may not—in most cases he is not. In either case the employee receives compensation from the agency set up by the state. If it were otherwise, the employee, unable to obtain any recompense from the irresponsible tort-feasor, would be left without compensation for his injury. That situation can no longer exist under the Compensation Act. * * * The real purpose of the Compensation Act, whether it be called a Compensation Act or an Employers' Insurance Act * * * was, not that one employee should receive an exorbitant or liberal

sum and another an inadequate amount, but that all employees should receive a fair measure of compensation. Whether the Legislative Assembly shall permit double compensation to the employee—the payments allowed by the Compensation Act and also the right to sue a tort-feasor—is a matter of legislative control.' Again, with reference to the 1933 law, then enacted but not controlling, it was said: 'No good reason appears why an employee should not be accorded the right to maintain an action against a tort-feasor not subject to the provisions of the act, preserving to the employer the right of subrogation to a portion of the compensation received from the third party.' The opinion then proceeded to call attention, not only to the fact that the Legislative Assembly had passed such an act, but to the further fact that the new law did not come in time to aid the plaintiff, and that therefore the case then under consideration had to be decided on the law as it was when the accident occurred. * * *

"It is not without significance that the Legislature included in the new act a section declaring the measure an emergency act in order promptly and without delay to correct 'an existing unjust condition.' Laws 1933, Chap. 138, sec. 4. It will be important to observe what unjust condition it was intended to correct. There is but one inevitable conclusion, and that is that the rule laid down in the previous cases, that a workman could not accept compensation under the Workmen's Compensation Act and at the same time maintain against an independent tort-feasor, was unjust, and that such condition of the law constituted the unjust condition thereafter to be avoided.

"The chapter in question amended section 2839 of the Revised Codes of Montana of 1921. The language of the old section was adopted in its entirety, except in the forepart of the section, specifically in the phrase where it was provided that the election to come under the act should be held to be a surrender by employer and employee of their right to any other method or form of compensation, etc. The words 'as between themselves' were inserted, so that it indicated that there was no intention

to impose a waiver in any other manner than as between the parties, employer and employee. The other changes were included in provisos which followed such amended language of the old section, and which provide: 'That whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries so received by said employee are caused by the act or omission of some persons or corporations other than his employer, and where the cause of such injury has no direct connection with his regular employment, and does not arise out of or necessarily follow as an incident thereof, then such employee, or in case of his death his heirs or personal representatives shall in addition to the right to receive compensation under the Workmen's Compensation Act have a right to prosecute any cause of action he may have for damages against such persons or corporations causing such injury.' The part of the provision just quoted is followed by a condition that, in the event an employee shall prosecute an action for damages, etc., he shall not be deprived of his right to receive compensation, but may receive compensation in addition to and independent of his right to bring such action for damages, and provided, further, that the employer or insurance carrier paying such compensation shall be subrogated to the extent of one-half of such gross amount.

"It then becomes apparent, finally, that the purpose of the new act was to achieve the very purpose mentioned in the Clark v. Olson Case, supra; that is, to allow an employee under certain circumstances to enforce and collect compensation from two different sources.

"Counsel in their briefs and arguments devoted much time and effort to technical analyses of the phraseology of the chapter, and particularly attempted to construe the words 'cause of such injury,' 'caused by the act or omission of some person * * * other than his employer,' 'no direct connection with his regular employment,' 'does not arise out of or necessarily follow as an incident thereof,' etc. We do not attach great importance to this technical phase. The words must be understood in the

light of the full context of the chapter and construed in accordance with the statutory rules already mentioned. To put it in another way, they must be taken to mean something practical, reasonable, and consonant with the declared intention of the legislative body. For construction of similar provisions, compare Landeen v. Toole County Refining Co., 85 Mont. 41, 277 Pac. 615, and cases cited. * * *

"It must be apparent to anyone that the chapter could have no application to either case unless the injured parties were respectively engaged in the work of an employer under the Workmen's Compensation Act. The chapter is in fact a part of the act itself, and only affects those who are under the jurisdiction of it. The only reason why the state, employer, or insurance carrier assumes liability at all where an injury is caused by the act or omission of a third party not connected with the employment is, as was said in Clark v. Olson, supra, that the state, employer, or insurance carrier may guarantee recompense to an employee injured by an independent, but irresponsible, tortfeasor in the course of the employer's work. The simple, plain, and motivating reason for the extension of that protection against an outside danger may be said to be that a workman's presence at a particular time and place—the scene of the accident—for his employer's purposes rather than his own, constitutes a sufficient reason for the extension of what otherwise might be termed 'extraordinary protection or coverage.' It is argued that there is a difference as to the legal status between the deceased flagman and the Billings street sweeper. We are unable to distinguish any material difference in legal effect, for the purposes of the two cases, between the duties of a street sweeper and a flagman. Neither do we see any difference between the legal rights and obligations of the drivers. To attempt to classify 'employees' so as to put them in different legal categories would seem to us to be unreasonable and supertechnical. It is our settled conviction, derived from an understanding of the act, which must be read together as a whole, and every provision and part thereof given proper and harmonious con-

sideration, that the Legislature intended to insure to anyone who might subsequently be found in the position of either employee a cause of action against an independent tort-feasor for his own benefit, in supplement of regular compensation under the Workmen's Compensation Act, but subject to the restrictions and requirements thereof.

"Strictly speaking, it may be said that the expense or cost of insurance coverage as contemplated by the act in its primary purpose was only to be assumed by employer, insurer, or state sufficient to compensate in cases where no outside or independent factors contributed to an injury; but the extension of the additional feature, more far-reaching and comprehensive in protective effect, demanded compensating consideration and required contribution by the actual independent tort-feasor. And so the law now provides that the insurance carrier under the plan in effect must receive a part of whatever may be recovered from the third party; this, in compensation for the additional liability, and in recompense for amounts paid to the employee in a case where the injury results in whole or in part from the intrusion of some extrinsic element into the situation as it otherwise would have existed between employer and employee.

"In the construction of the provisions of chapter 138, now a part of the general Compensation Law, we are governed by the admonition of section 2964, Revised Codes 1921, a section of the original act as it was passed by the Legislature in the first instance. That section makes liberal construction a specific mandate. The courts of this state have consistently obeyed that mandate and specifically recognized the principle in the Clark v. Olson Case, giving explicit reasons and citing controlling authority for the conclusion there announced. In connection with the principle of liberal construction, it has often been pointed out by this court, and very recently stressed, that an important feature of the compensation plan is found in the fact that industry should care for its own man power wrecked by reason of laboring in the industry, just as it must bear the expense of wreckage of

machinery used in the same manner (see Meznarich v. Republic Coal Co., [101 Mont. 78] 53 Pac. 2d 82), all of which we heartily approve; but that does not carry us to a point where we must say that industry is always required to stand the expense of wreckage by independent tort-feasors, or that workmen under the act must be held to waive and forego causes of action arising out of something entirely foreign to the risk involved in their ordinary duties in order to avail themselves of the benefits of the Worken's Compensation Act. Fortunately the Legislature was possessed of the power to control that situation, as was pointed out in the Clark v. Olson Case; but unfortunately, as we then sugested, the relief did not come soon enough to aid Clark. Here such relief is not only appropriate, but timely.''

The Workmen's Compensation Law was enacted for the benefit of workmen engaged in hazardous occupations, and, to a lesser extent perhaps, of their employers. It was not enacted to exempt strangers and independent tort-feasors from liability for their tortious acts. The wording of the amendment to section 2839, adopted subsequent to the Bruce and Black decisions, evinces an intention to regulate the method of compensation only as between employer and employee. Clearly the surrender of rights following an election to be bound by the Act was not intended as a surrender of rights against third parties, strangers to the employment. A liberal construction of its provisions, enjoined by the Act, prohibits any such interpretation.

Obviously plaintiff's injury was caused by an act or omission of a person or corporation other than her employer. And, we think, the cause of her injury had ''no direct connection with her regular employment, and did not arise out of or necessarily follow as an incident thereof.'' Plaintiff's ''regular employment'' consisted of the performance of her duties as switchboard operator at Fort Harrison. We perceive no direct connection between the cause of the injury and such employment.

Appellants rely upon the decision of the Federal Circuit Court

of Appeals in Sullivan v. Northern Pac. R. Co., 8 Cir., 104 F. (2d) 517. This decision involved an interpretation of section 2839. But the facts and circumstances there presented clearly distinguish it from this case, as will be apparent from a reading of the opinion. And even had that court reached a conclusion contrary to ours, while persuasive, it would by no means be controlling.

The trial court was not in error in any of the respects assigned by appellants. The judgment is therefore affirmed.

Mr. Chief Justice Adair, and Associate Justices Choate, Angstman, and Metcalf, concur.