JORDON v. CHAMPLIN REFINING CO. et al.

No. 32478.    Oct. 12, 1948.

*198 P. 2d 408.*

Gilliland, Ogden, Withington, Shirk & Vaught and Leo J. Williams, all of Oklahoma City, for plaintiff in error.

Monnet, Hayes & Brown, of Oklahoma City, Scarritt & Champlin, of Enid, and Embry, Johnson, Crowe, Tolbert & Shelton, of Oklahoma City, for defendant in error.

DAVISON, V. C. J. This is an action wherein G. K. Jordon, as plaintiff, seeks to recover from Champlin Refining Company, a New Mexico corporation, Champlin Refining Company, an Iowa corporation, and Tom Muir, damages for personal injuries proximately resulting from negligence. The parties will be referred to as they appeared in the trial court. No testimony appears in the record which would in any way tend to connect the Iowa corporation with the situation presented and that defendant will therefore be entirely disregarded. The New Mexico corporation will be referred to as "the company."

In 1942, the defendant company entered into a contract with one of the federal agencies to construct, at said defendant's refinery in Enid, Okla., a plant for the production of high octane aviation gasoline. In July, 1943, the defendant company made a contract with Turner and Ross Construction Company, a partnership, whereby the latter agreed to furnish all labor necessary to complete the pipe-fitting work on said plant which was then under construction, the said defendant agreeing to furnish all tools and material necessary for such work. Among other things, the contract provided:

"The company agrees to pay for the above described work the cost of all labor, compensation insurance, and Federal and State pay-roll taxes, plus 12½% thereof. The contractor will bill the company for such charges each 30 days, furnishing certified pay-rolls as to labor, and certified invoices as to all other expenses beginning September 1, 1943, and the company will pay such statements within 10 days thereafter. . . .

"It is agreed that the contractor shall have complete supervision of the work as an independent contractor, and the company shall have no control thereof except to accept or reject the finished work and the contractor shall not be the agent or employee of the company for any purpose. . . ."

On September 1, 1943, the plaintiff, an employee of Turner and Ross, was assisting in laying a pipe line around a tank and on a scaffold which was approximately 17 to 20 feet above the ground. The joints of pipe were raised to the scaffold by a crane owned by defendant company and operated by its employee, the defendant Tom Muir. Plaintiff alleged in his petition, and attempted to prove at the trial, that Muir had raised a U-shaped joint of pipe from the ground with the crane and had lowered it into position; that plaintiff took hold of it in order to guide it into place when Muir suddenly and without warning raised the joint of pipe, swinging it away from plaintiff; that the movement of the pipe in this manner caused plaintiff to lose his balance and fall from the scaffold onto a pile of scrap iron. Plaintiff's head, back, and arm were seriously injured resulting in permanent total disability.

Plaintiff filed a claim with the State Industrial Commission against Turner and Ross and their insurance carrier and then filed an election to proceed against a "third party," reserving the right to further proceed before the

commission after the conclusion of the suit as provided for in 85 O. S. 1941 §44. This action was then filed, and after various pleadings, was tried to a jury. At the close of plaintiff's evidence the defendants demurred thereto, said demurrers being predicated upon three grounds: General insufficiency of the evidence; insufficiency thereof to prove negligence; insufficiency of the evidence to show that either defendant was a third party within the meaning of the Workmen's Compensation Act, but that plaintiff's injuries were compensable under said act and not otherwise. The trial court sustained these demurrers, and from that ruling plaintiff has appealed.

Because defendants' last above-stated ground for demurrer is determinative of this case, it is unnecessary that this court pass upon the others. Plaintiff contends that the Turner and Ross Company was an independent contractor and that the decision of this court in the case of Rota-Cone Oil Field Operating Co. v. Chamness, 197 Okla. 103, 168 P. 2d 1007, wherein the decisions in the cases of Dolese Bros. v. Tollett, 162 Okla. 158, 19 P. 2d 570, and Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203, were relied upon and followed, is controlling. With this we do not agree, for the reasons discussed in the opinion in the following case.

In the case of Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okla. 335, 193 P. 2d 586, this court discussed in full the prerequisites of the right of an employee of an independent contractor to maintain a common law action for damages against the principal employer for injuries resulting from the negligence of the latter's employee. Therein we held that two elements must exist in order for plaintiff to recover in such an action: First, "the liability of the defendant to be sued and . . . the right of the plaintiff to sue." The following language was also used:

"If by the terms of said sections 11 and 12 liability of defendant to a tort action for the injury is not excluded, the question would be whether under terms of section 44 plaintiff is entitled to prosecute the same. On the other hand, if by the first mentioned sections defendant is made immune to such action, there is no need to resort to section 44 unless thereby such immunity has been qualified."

Therein an independent contractor was furnishing a large part of the labor necessary for the installation of a "scraper trap" in an oil pipe line belonging to the defendant. Plaintiff, an employee of the independent contractor, was injured by the negligence of one of defendant's employees. The same argument was made there as is made in the instant case and the same authorities relied upon as here, which are cited above. This court held in that case that the principal employer was secondarily liable for compensation to the injured workman by reason of the provisions of 85 O. S. 1941 §§11 and 12, and therefore was immune to a common law action for damages. The same rule is controlling here.

The judgment of the trial court sustaining the individual demurrer of the defendant Tom Muir is not attacked by plaintiff except in so far as it affects the liability of the defendant company. Since any questions of law relative thereto are not urged or argued by the plaintiff, in his brief, it is unnecessary for this court to consider the propriety of the judgment other than as above discussed.

The judgment is affirmed.

HURST, C. J., and RILEY, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.