**STANDARD ROOFING AND MA-
TERIAL CO., Appellant,**

v.

**CHAS. M. DUNNING CONSTRUCTION
COMPANY, Appellee.**

No. 5094.

United States Court of Appeals
Tenth Circuit.

June 27, 1955.

David J. Morrison, Oklahoma City, Okl. (Butler, Rinehart & Morrison, Oklahoma City, Okl., on the brief), for appellant.

Lynn Bullis, Oklahoma City, Okl. (Monnet, Hayes & Bullis, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON and MURRAH, Circuit Judges, and WALLACE, District Judge.

BRATTON, Circuit Judge.

Standard Roofing and Material Co., hereinafter referred to as Roofing, instituted this action against Chas. M. Dunning Construction Company, hereinafter referred to as Dunning, seeking a declaratory judgment determining the rights of the parties in respect to a justiciable controversy existing between them. It was pleaded in the complaint that Dunning was the general contractor for the construction of a building in Oklahoma; and that Dunning and Roofing entered into a written subcontract in which the latter, as subcontractor, agreed to do the roofing, insulation, and sheet metal work in the construction of the building. It was further pleaded that the subcontract provided among other things that Roof-

ing should procure and maintain in force and effect during the course of the performance of the contract Workmen's Compensation insurance; that if Roofing should not have its own compensation insurance, it should notify Dunning and in such event Dunning should have the right to include the risk under its policy or policies of insurance and charge the cost thereof to Roofing or deduct the same from payments due such company; and that notwithstanding any insurance which might be provided or carried, Roofing should indemnify and hold harmless Dunning from any loss, injury, or damage to persons or property arising out of or resulting from the performance of the subcontract, or occasioned by the act or neglect of Roofing. It was further pleaded that Dunning negligently left a hole in the roof of the building; that an employee of Roofing fell through the hole and sustained personal injury; and that Roofing was required to and did make payments to the employee for compensation and medical expenses, and would be required to make further payments under an order of the State Industrial Commission of Oklahoma. And it was further pleaded that Dunning was liable in law to compensate Roofing for the payments previously made and those to be subsequently made to the injured workman but that it denied such liability; and that a controversy existed between the parties respecting which Roofing had no adequate remedy at law because the amount of its damages had not been fixed. The prayer was for judgment for the amount of the sums which Roofing had paid to the injured workman, and judgment requiring Dunning to reimburse Roofing for payments thereafter made by reason of the injury to the workman.

A motion was lodged to dismiss the action. One ground of the motion was that it appeared from the face of the complaint that the claim of Roofing was governed and controlled by the Workmen's Compensation Law of Oklahoma and was within the exclusive jurisdiction of the Industrial Commission of that state.

Another ground was that the complaint failed to state a claim upon which relief could be granted. The court entered judgment dismissing the action, and Roofing appealed.

One contention is advanced as the sole ground for reversal of the judgment. The contention is that under the law of Oklahoma, a subcontractor who is required to make payments under the Workmen's Compensation Act of the state, 85 O.S.1951 § 1 et seq., by reason of injury to an employee is entitled to recover for his loss from the general contractor whose negligence was proximately responsible for the injury to the employee. Roofing does not assert any right of subrogation under the injured employee to whom payments had been and would be made. Its argument is that for every legal wrong there is a legal remedy; that the common law right of a master to recover damages for loss sustained through injury to a servant was not repealed by the Workmen's Compensation Act, supra; and that therefore Roofing is entitled to recover indemnity from Dunning. Under the terms of the act, every employer engaged in a business coming within its purview is required to carry insurance for the payment of liabilities accruing thereunder, or, with the approval of the State Industrial Commission, must make provision to carry his own risk for such liabilities. Updike Advertising System v. State Industrial Commission, Okl., 282 P.2d 759.

Dunning and Roofing were subject to the provisions of the act. Dunning carried workmen's compensation insurance, and it complied with the act in other respects. Roofing was self insured in accordance with the provisions of the act, and it otherwise complied with the act. The subcontract into which the parties entered required Roofing to maintain in full force and effect workmen's compensation insurance during the course of the performance of the contract; and it provided that in the event Roofing did not maintain in force and effect such insurance, Dunning should have the right to include such risk in its insurance and

charge the cost thereof to Roofing. In Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586, the defendant was engaged in the business of transporting crude oil through its pipe lines. Pipe Line Service Company was an independent contractor engaged in making a certain installation in the pipe line system, and it carried workmen's compensation insurance as required by the act. An employee of the independent contractor was injured. Alleging that his injury was proximately caused by the negligence on the part of the principal employer, and alleging that the principal employer was a third person, within the intent and meaning of a certain section of the act, the injured employee sought to recover in a common law action damages from the principal employer. It was held that the effect of the Workmen's Compensation Act was to bring within its purview hazardous undertakings of that kind, and that the principal employer was not liable in tort for the accidental injury suffered by the employee of the independent contractor in the course of his duties as such. The case of Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408, was similar in essential features, and the court held that the general contractor was immune to such common law action for damages. In Fox v. Dunning, 124 Okl. 228, 255 P. 582, Dunning was the general contractor engaged in the construction of a building, and it carried workmen's compensation insurance for its own employees. Cotner & Patrick was employed by the general contractor to perform certain work on the cement floors in the building. Cotner &

Patrick was subject to the provisions of the act, and Standard Accident Insurance Company was its insurance carrier. Fox was an employee of Cotner & Patrick, and he sustained personal injury in the course of his employment. The insurance carrier made payments to the injured employee, and it acknowledged liability to make further payments in the future. Alleging negligence on the part of the general contractor as the proximate cause of his injury, the employee of Cotner & Patrick instituted against Dunning an action at common law for damages. The insurance carrier intervened. To the extent of its payments made and to be made, the intervenor asserted the right of subrogation to the cause of action of the injured workman against Dunning. And it also asserted that Cotner & Patrick, as employer of the injured workman, was entitled to maintain an action against Dunning to recover damages for personal injury proximately resulting from the negligence of that company; and that to the extent of the payments made and to be made to the injured workman, the insurance carrier was subrogated to the right of Cotner & Patrick against Dunning. It was held that Dunning was not liable to the injured workman or to the insurance carrier. Viewing the question in the light of these cases, particularly Fox v. Dunning, we think it is clear that under the law of Oklahoma Roofing has no right of action against Dunning for indemnity or reimbursement for its payments made and to be made to the injured employee.

The judgment is affirmed.