**Jack W. BURK, Appellant,**

v.

**CITIES SERVICE OIL COMPANY OF DELAWARE, a corporation, Appellee.**

No. 5978.

United States Court of Appeals
Tenth Circuit.

April 20, 1959.

434

Howard C. Triggs and James E. Grigsby, Oklahoma City, Okl., for appellant.

Looney, Watts, Looney & Nichols, and Anna B. Otter, Oklahoma City, Okl., for appellee.

Before MURRAH, LEWIS and BREITENSTEIN, Circuit Judges.

MURRAH, Circuit Judge.

The precise question presented on this appeal is whether, under the Oklahoma Workmen's Compensation Act, Title 85 O.S.1951 § 1 et seq., as amended, an employee of an independent contractor can maintain a common-law negligence action against his principal employer for injuries sustained in the course of his employment.

The question is presented under these pertinent and undisputed facts. The appellant, Burk, sustained an accidental personal injury while employed by Procon, Inc., a construction company engaged in the erection of refinery equipment on appellee Cities Service's refinery as an independent contractor.

The Oklahoma Industrial Commission found that the injury arose out of and in the course of appellant's employment with Procon and accordingly awarded compensation which was duly paid. The appellant thereupon brought this suit against Cities Service as a third-party tort-feasor as provided by Section 44 of the Workmen's Compensation Act.[1]

The trial court sustained a motion to dismiss and entered judgment for Cities Service, apparently on the grounds that the compensation award precluded the maintenance of this common-law action.

Section 11 of the Oklahoma Workmen's Compensation Act, supra, provides in effect that an independent contractor shall be liable for compensation due his direct employees, and furthermore, imposes a contingent or secondary liability on a principal employer for compensation due all such employees if he fails to require his independent contractor to comply with the Workmen's Compensation Law. With immaterial exceptions, Section 12 of the Act makes the remedy provided in Section 11 exclusive of all other liabilities "of the employer and any of his employees, at common law or otherwise * * *." These provisions of the Act have been construed by the Oklahoma courts to declare that a principal employer is not liable in a tort action for an injury occurring to an employee of an independent contractor in the course of his hazardous employment, provided

1. "Claims against third persons.—Outsider, damage by wrong of—Whom to prosecute—Election—Compromise.—

"(a) If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission made by rule or regulation prescribed. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for

the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

the work being performed by the independent contractor was an integral part of, necessarily connected with, and incident to the business of the principal employer. Baldwin v. Big X Drilling Co., Okl., 322 P.2d 647; Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586; Jordon v. Champlin Refining Co., 200 Okl. 604, 198 P.2d 408; Deep Rock Oil Corp. v. Howell, Judge, 200 Okl. 675, 204 P.2d 282.

■ The immunity from the common-law liability derives from the principal employer's secondary liability for workmen's compensation under Section 11 to employees of an independent contractor. And, this is apparently so even if the independent contractor has complied with the Workmen's Compensation Act and the injured employee has been duly compensated thereunder. See Mr. Justice Davidson concurring in Mid-Continent Pipe Line Co. v. Wilkerson, supra, quoted in Horwitz Iron & Metal Co. v. Myler, 207 Okl. 691, 252 P.2d 475. It follows that the common-law remedy against negligent third-party tort-feasors preserved under Section 44 of the Workmen's Compensation Act is available to an injured and compensated employee, only when the hazardous work being performed by his employer at the time of his injury was not an integral part of or related to the business of a principal employer in a manner to secondarily obligate such employer under Section 11 of the Act for a compensation award to the injured employee. I. e. Horwitz Iron & Metal Co. v. Myler, supra.

■ The appellant does not deny that the work Procon was performing on the refinery of Cities Service was an integral part of and incidental to the refinery business. It takes the position, however, that since the alleged negligent acts of Cities Service causing the injury to the appellant were "altogether separate and apart, and disassociated from the contract", Cities Service was not secondarily liable for the compensation award and is therefore liable as a common-law tort-feasor. But even though the alleged negligent act was in no wise connected with the performance of the independent contract, the injury nevertheless arose out of and in the course of his hazardous employment in the performance of the contract, and Cities Service was consequently secondarily liable under Section 11 of the Act. The principal employer's secondary liability for the compensated injury is the test of his immunization from common-law liability.

The inquiry is, therefore, whether the work being performed by the direct employer was an integral part of the principal employer's business; and whether the employee was injured in the course of his hazardous employment. If so, the principal employer is secondarily liable, hence insulated from common-law liability. Inasmuch as Procon was engaged in the performance of work which was an integral part of Cities Service's business, and Burk was injured in the course of such employment, he is precluded from maintaining this suit and the judgment is affirmed.