286 F.2d 270
 Mrs. Byron W. THOMAS, Guardian-Trustee of the Estate of
Byron W. Thomas, Ward, Appellant,
v.
FARNSWORTH CHAMBERS CO., Inc., a Texas corporation, Appellee.
William V. LAIRD, Appellant,
v.
FARNSWORTH CHAMBERS CO., Inc., a Texas corporation, Appellee.
 Nos. 6490, 6491.
 United States Court of Appeals Tenth Circuit.
 Dec. 15, 1960.
 
 James E. Tarter and Weldon M. Tarter, Tarter & Tarter, Colorado Springs, Colo., and John L. Griffith and Mary Griffith, Griffith & Griffith, Denver, Colo., for appellant.
 Raymond J. Turner, Dawson, Nagel Sherman & Howard, Denver, Colo., for appellee.
 Before MURRAH, Chief Judge, LEWIS, Circuit Judge, and RICE, District judge.
 MURRAH, Chief Judge.
 
 
 1
 The common and decisive question presented by these consolidated appeals is whether an employee of a Colorado subcontractor who has elected to receive workmen's compensation benefits from his insured subcontractor may maintain a common law negligence action against the general contractor for the injuries received in the course of his employment.
 
 
 2
 Holding that the asserted common law actions were abrogated by the relevant provisions of Colorado's Workmen's Compensation Act, the trial court dismissed both actions and these appeals are from judgments for the appellee in each of the cases.
 
 
 3
 The answer to our question turns on the interpretation of the relevant provisions of Colorado's Workmen's Compensation Act.
 
 
 4
 Section 81-3-2, C.R.S.1953 provides in presently material part and substance that any employer who elects to be subject to the provisions of the Workmen's Compensation Act shall not be '* * * subject to any other liability whatsoever for the death of or the personal injury to any employee, except as provided in this chapter * * *.'
 
 
 5
 Section 81-13-8 preserves the common law right of action by the injured employee or his representative against a third party tortfeasor and upon election to take compensation, provides for the right of subrogation to the employer who pays the compensation award.
 
 
 6
 The answer to our narrow question whether the general contractor-appellee may be liable as a third party tortfeasor to these injured and compensated employees of a subcontractor turns on whether the general contractor was an employer of these employees within the meaning of section 81-9-1, C.R.S.1953 which comprehensively defines an employer subject exclusively to the provisions of the act. This section pertinently provides that '* * * Any person, company or corporation * * * conducting any business by * * * conducting out any part or all of the work thereof to any * * * subcontractor, * * * shall be construed to be and be an employer as defined in this chapter, and shall be liable * * * to pay compensation for injury * * * resulting therefrom to said * * * subcontractors and their employees, and such employer as in this section defined, before commencing said work, shall insure and shall keep insured his liability as herein provided and such * * * subcontractor as well as any employee of such * * * subcontractor, shall be deemed employees as defined in this chapter. Such employer shall be entitled to recover the cost of such insurance from said * * * subcontractor, and may withhold and deduct the same from the contract price * * * or other money due, owing or to become due said * * * subcontractor. If said * * * subcontractor * * * shall himself be an employer as defined in this chapter in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then such person, company or corporation engaged in or conducting said business shall not be subject to the provisions of this section.'
 
 
 7
 The appellants take the position that since the subcontractor fully complied with the Workmen's Compensation Act, and has compensated his employees thereunder, the general contractor was not subject to its provisions and is consequently liable at common law as a third party tortfeasor.
 
 
 8
 Admittedly the Colorado courts have not had occasion to consider this identical question. The trial court interpreted section 81-9-1 to impose upon the general contractor an employer-employee relationship with the employees of a subcontractor, even though such subcontractor had complied with the Workmen's Compensation Act and fully compensated his injured employee. The court took the view that a statutory employee-employee relationship subsisted to vouchsafe the benefits of the act to an employee of a subcontractor if for any reason the subcontractor failed to comply with the act. And that having thus contingently imposed liability upon the general contractor, it was reasonable to infer that the legislature intended such liability to be exclusive and the asserted common law actions were consequently abrogated. The court was obviously influenced by a recent decision of this court construing pertinent provisions of the Oklahoma Workmen's Compensation Law to immunize a principal contractor from common law liability to an injured and duly compensated employee of its subcontractor. Burk v. Cities Service Oil Company of Delaware, 10 Cir., 266 F.2d 433. We of course followed the Oklahoma Court's construction of the pertinent provision of its own act to the effect that the general contractor was a 'principal employer' not only of his direct employees but the employees of any subcontractor as well. 'The effect of the law,' said the Oklahoma Court, 'is to prescribe a liability which is to become absolute unless a certain thing is done. The fact that the absolute character is dependent on a contingency does not alter the fact of its being a liability if designed as such.' Mid Continent Pipe Line Co. v. Wilkerson, Okl., 193 P.2d 586, 589. See also Jordon v. Champlin Refining Co., Okl., 198 P.2d 408; Standard Roofing & Material Co. v. Chas. M. Dunning Construction Co., 10 Cir., 224 F.2d 449.
 
 
 9
 The Missouri Court has construed relevant statutory provisions to the same effect. The Missouri statute makes the principal contractor the employer of the employees of all his intermediate subcontractors and further provides that the principal contractor and all his subcontractors may be made parties to the compensation proceedings on application of an injured employee with primary liability on the immediate employer and secondary liability on the remote employers in their order. The statute then provides that 'no such employer shall be liable as in this section provided, if the employee was insured by his immediate or any intermediate employer.' Mo.St.Ann. 3308(d). The Missouri Supreme Court construed this latter exculpatory provision as not attempting to '* * * fix the liability so far as the person injured is concerned * * * but deals with the liability inter sese of the persons who are liable to the person injured.' Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153, 154, 156.
 
 
 10
 In a series of annotations culminating in 166 A.L.R. 813, the editors have analyzed and classified roughly into two categories cases bearing on our question. One group of cases construe relevant provisions of workmen's compensation acts as imposing liability upon the general contractor only if the independent or intermediate subcontractor fails to fully comply with the provisions of the act. All of these cases generally favor the retention of a common law right of action of an insured and compensated employee of a subcontractor against a negligent general contractor.
 
 
 11
 The other group of cases construe relevant provisions of their acts as imposing absolute liability for the benefits of the act upon the general contractor, with consequent immunization from common law liability. See Anderson v. Sanderson & Porter, 8 Cir., 146 F.2d 58; Larson on Workmen's Compensation, Vol. 2, 72.31, p. 175.
 
 
 12
 Those cases which tend to favor retention or survival of common law liability of the general contractor proceed on the basic premise that everyone is answerable for his torts at common law unless such liability is statutorily abrogated or modified. And that by presering the right of an injured employee to pursue his common law remedy against a third party wrongdoer the legislature did not intend to exempt a general contractor from common law liability where no statutory liability attaches. In order words, 'Where the subcontractor has secured compensation for his employees, a general contractor is under no statutory liability,' and is subject to common law liability. Clark v. Monarch Engineering Co., 248 N.Y. 107, 161 N.E. 436, 438. See Sweezey v. Are Electrical Construction Co., 295 N.Y. 306, 67 N.E.2d 369, 166 A.L.R. 809.
 
 
 13
 From our analysis of the cases it seems accurate to say that apart from Missouri, no statute containing an exculpatory clause like Colorado has been construed to destroy the common law right of action of an injured and compensated employee of a subcontractor against a negligent general contractor. The Oklahoma Act does bear textual similarity to Colorado and Missouri in that it makes a general contractor the 'principal employer' of all the employees of his independent contractors and subcontractors and subjects him to direct liability under the act if he fails to require compliance with the act by his independent contractors or the subcontractor of an independent contractor.[1] But unlike Colorado, the Oklahoma statute does not in clear language provide that the general employer 'shall not be subject to the provisions' of the act if he requires compliance with the act by all employers doing work under him. The textual difference in the acts may not be distinguishable on principle, depending upon the juridical approach to the workmen's compensation law as it affects common law rights of action. It seems fair to say, however, that the Oklahoma Court has liberally construed the 'statutory employer' provisions to immunize the general contractor as an employer contingently subject to liability.
 
 
 14
 We know of course that the basic purpose of the so called 'statutory employer' provisions in the workmen's compensation acts is to vouchsafe the benefits of the act to all employees coming within their definitive provisions and to that end to prevent evasive action by all those who are engaged in a business or enterprise coming within their coverage. An equally basic purpose of the act is to make the remedies provided under the act exclusive and to insulate the employer, liable under the act, from any other liability whatsoever. Once however, this legislative objective is fully accomplished there seems no good reason for the further curtailment of the common law remedy. Indeed we see no statutory reason for not saying that the immunity from common law liability granted by the act should be coexistent with the factum of statutory liability. Of course it is within the legislative province to grant immunity from common law liability in return for vicarious statutory liability and the extent of the legislative intent is of course to be discerned from the particular language used in the enactments. But we ought not attribute to the legislature an intent to curtail the common law remedy unless such intent is manifest. And this is expecially true where as here, we are but forecasters of what the state court may say about its state enactment.
 
 
 15
 While the Colorado court has not spoken on our precise point, it has expressed a reluctance to curtail the common law remedy beyond the full scope and effect of the act. In a workmen's compensation case not involving our precise question but bearing upon the survival of common law remedies, the Colorado court has recently said 'The purpose of the Workmen's Compensation Act is to provide a remedy in areas where remedies do not exist at common law. Where the provisions of the act do not expressly limit the employee with respect to other remedies we are not disposed to read or interpret such limitations into the Workmen's Compensation statutes.' Chartier v. Winslow Crane Service Company, Colo., 350 P.2d 1044, 1056.
 
 
 16
 With great respect to the Colorado trial judg's interpretation of Colorado law we are nevertheless brought to the conclusion that the asserted common law right of action was not destroyed by the appellee's contingent employer liability.
 
 
 17
 The judgment is reversed.
 
 
 
 [1]
 Title 85 O.S.A. 11 provides:
 '* * * The independent contractor shall, at all times, be liable for compensation due to his direct employees, or the employees of any subcontractor of such independent contractor, and the principal employer shall also be liable in the manner hereinafter specified for compensation due all such employees. * * *
 '2. The person entitled to such compensation shall have the right to recover the same directly from his immediate employer, the independent contractor or intermediate contractor, and such claims may be presented against all of such persons in one proceeding. It is appears that the principal employer has failed to require a compliance with the Workmen's Compensation Law of this State, by his or their independent contractor, then such employee may also proceed in the same investigation or case against such principal employer. If it shall be made to appear in such proceeding that the principal employer has failed to require a compliance with this Act by his independent contractor, then such principal employer shall be liable for all such injuries to employees of his independent contractor, or the subcontractor of such independent contractor. * * *'