CHARLES D. ASHCRAFT, Plaintiff and Appellant, v. THE MONTANA POWER COMPANY, Defendant and Respondent.

No. 11822.
Submitted Nov. 20, 1970.
Decided Feb. 2, 1971.
Rehearing Denied Feb. 26, 1971.
480 P.2d 812.

Mr. Justice Haswell not participating.

Knight, Dahood & Mackay, Wade J. Dahood (argued), David M. McLean (argued), Anaconda, for plaintiff and appellant.

Corette, Smith & Dean, Kendrick Smith (argued), James Anderson (argued), Butte, for defendant and respondent.

MR CHIEF JUSTICE JAMES T. HARRISON delivered the opinion of the court.

Plaintiff, Charles D. Ashcraft, appealed from an order of the district court of Silver Bow County granting the defendant, Montana Power Company's motion for summary judgment.

Stipulated facts are as follows: On December 31, 1966, defendant contracted with Swain & Morris Construction Company, Inc., to construct electrical lines and facilities. Swain & Morris was designated as an independent contractor in the contract and conducted its work on the job as an independent contractor. Plaintiff was employed by Swain & Morris as a journeyman lineman, and his job on this particular project consisted of climbing power poles, replacing existing crossarms, and adding a third wire to the existing transmission system.

On October 30, 1967, plaintiff was performing his task when the power pole he had ascended toppled to the ground and injured him.

In their contract, defendant required Swain & Morris to comply with Montana Workmen's Compensation Law to which Swain & Morris had previously ascribed and which was in effect when plaintiff was injured. Plaintiff's claim for workmen's compensation was paid under the plan carried by Swain & Morris but, in addition, plaintiff filed suit pursuant to section 92-204, R.C.M.1947, against defendant as a third party whose alleged negligence had caused his injury.

On the stipulated facts, the district court found defendant immune from third party suit according to section 92-438, R.C.M.1947. The issue here is whether or not the district court was correct in its interpretation of this statute.

Section 92-438, R.C.M.1947, reads in pertinent part:

"* * * But the legal defense of independent contractor shall not bar otherwise compensable industrial accident claims against employers except when such defense is interposed on behalf of a party who has previously required the claimant's immediate employer to come within the Workmen's Compensation Act."

Defendant required plaintiff's immediate employer, Swain & Morris, to come within the Workmen's Compensation Act, therefore, defendant is in compliance with the exception of section 92-438, R.C.M.1947, and is not barred from using the independent contractor defense.

However, does the allowance of this defense when the general employer has required the immediate employer to carry workmen's compensation insurance also provide the general employer with immunity from third party suits? This Court believes that it does where complete control of the details and means of accomplishing the project are left to the employee's immediate employer, that is, where the immediate employer is an "independent contractor".

Thus, the reasoning takes the form of a truism. When it is undisputed that the employee's immediate employer is an independent contractor, required to carry workmen's compensation insurance, the independent contractor defense is available to the general employer thereby absolving his liability. With regard to liability immunity under the independent contractor defense, this Court recently said in Wells v. Thill, 153 Mont. 28, 32, 452 P.2d 1015, 1017:

" 'In every such instance where the contractor is in full supervision and control of the work, he alone becomes liable to his employees under the statute for injuries sustained.' "

In effect, a general employer under these circumstances is immune from a third party liability suit.

This rule of law, which is axiomatic under section 92-438, R.C.M.1947, is strictly limited to circumstances in which the injured employee's immediate employer is an independent contractor who is required to carry workmen's compensation insurance by his general employer. This rule of law does not apply to

any other situation where the status of the injured employee's immediate employer is found to be other than an "independent contractor," or where the general contractor does not require an independent contractor to carry workmen's compensation insurance. Likewise, this rule of law does not apply to independent tortfeasors who are "strangers to the employment" under section 92-204, R.C.M.1947. Hoffman v. Johnston, 120 Mont. 231, 242, 181 P.2d 792.

■ Since the contract in the instant case designated Swain & Morris an independent contractor and Swain & Morris operated as an independent contractor who was required by the defendant to carry workmen's compensation insurance, the defendant is completely immune from liability under section 92-438, R.C.M.1947.

Order affirmed.

MR. JUSTICES CASTLES and JOHN C. HARRISON, concur.

MR. JUSTICE HASWELL, not participating.

MR. JUSTICE DALY, (dissenting).

I dissent.

We have been asked for an interpretation of the 1965 amendment to section 92-438, R.C.M.1947, to determine if this amendment makes a general employer of an independent contractor the statutory employer of the independent contractor's employees after the general employer and the independent contractor have complied with the statute and the general employer has no liability to pay compensation to the employees of the independent contractor. It follows, of course, that if the statute were to make the general employer a *statutory* employer of the employees of the independent contractor then the general employer, while not liable for compensation payments, would be immune from third party liability as well under section 92-204, R.C.M. 1947, of the Workmen's Compensation Act.

This is a case of first impression in this Court and I cannot agree that we have any previous authority of this Court that is in point or controlling in determining this matter.

For its principal authority to sustain its position that our statute creates a statutory employer, respondent relies on Larson's Workmen's Compensation Law, V. 2, § 72.31, pp. 189-195, and on the Court of Appeals, Tenth Circuit, in Burk v. Cities Service Oil Co., 266 F.2d 433 (1959), wherein the circuit court while ruling on this question follows an interpretation of Oklahoma's compensation laws, Title 85, O.A.S., §§ 11 and 12, by the Oklahoma Supreme Court, speaking in Mid-Continent Pipe Line Co. v. Wilkerson, 200 Okl. 335, 193 P.2d 586 (1948). Respondent also quotes from and relies heavily on Oklahoma's *Mid-Continent Pipeline* case.

Realizing that in statutory construction and interpretation in matters of first impression we may go to outside jurisdictions for guidance, we must also be vigilant to make an accurate determination that the outside jurisdiction's statutes compare favorably with the Montana statutes that we have under consideration. I feel then that we should go back to the Tenth Circuit Court and examine its analysis of this question and together with the above cited cases determine if Oklahoma law squares with the legislative enactment in Montana.

In Thomas v. Farnsworth Chambers Co., Inc., 286 F.2d 270 (10th Cir. 1960) ruling on the same question while examining Colorado's Workmen's Compensation Laws, but without benefit of a Colorado precedent, and thus being a case of first impression in the Tenth Circuit, the court speaking through its Chief Judge, said in pertinent part as follows:

"The answer to our question turns on the interpretation of the relevant provisions of Colorado's Workmen's Compensation Act.

"Section 81-3-2, C.R.S. 1953 provides in presently material part and substance that any employer who elects to be subject to the provisions of the Workmen's Compensation Act shall not be

* * * subject to any other liability whatsoever for the death of or the personal injury to any employee, except as provided in this chapter * * *.'

"Section 81-13-8 *preserves the common law right of action by the injured employee or his representative against a third party tortfeasor and upon election to take compensation, provides for the right of subrogation to the employer who pays the compensation award.*

"The answer to our narrow question whether the general contractor-appellee may be liable as a third party tortfeasor to these injured and compensated employees of a subcontractor turns on whether the general contractor was an employer of these employees within the meaning of section 81-9-1, C.R.C. 1953 which comprehensively defines an employer subject exclusively to the provisions of the act. This section pertinently provides that * * * Any person, company or corporation * * * conducting any business by * * * contracting out any part or all of the work thereof to any * * * subcontractor, * * * shall be construed to be and be an employer as defined in this chapter, and shall be liable * * * to pay compensation for injury * * * resulting therefrom to said * * * subcontractors and their employees, and such employer as in this section defined, before commencing said work, shall insure and shall keep insured his liability as herein provided and such * * * subcontractor, shall be deemed employees as defined in this chapter. Such employer shall be entitled to recover the cost of such insurance from said * * * subcontractor, and may withhold and deduct the same from the contract price * * * or other money due, owing or to become due said * * * subcontractor. If said * * * subcontractor * * * shall himself be an employer as defined in this chapter in the doing of such work and shall before commencing said work insure and shall keep insured his liability for compensation as herein provided then such person, company or corporation engaged in or conducting said business shall not be subject to the provisions of this section.'

"The appellants take the position that since the subcontractor

fully complied with the Workmen's Compensation Act, and has compensated his employees thereunder, the general contractor was not subject to its provisions and is consequently liable at common law as a third party tortfeasor.

"Admittedly the Colorado courts have not had occasion to consider this identical question. The trial court interpreted section 81-9-1 to impose upon the general contractor an employer-employee relationship with the employees of a subcontractor, even though such subcontractor had complied with the Workmen's Compensation Act and fully compensated his injured employee. The court took the view that a statutory employer-employee relationship subsisted to vouchsafe the benefits of the act to an employee of a subcontractor if for any reason the subcontractor failed to comply with the act. And that having thus contingently imposed liability upon the general contractor, it was reasonable to infer that the legislature intended such liability to be exclusive and asserted common law actions were consequently abrogated. *The court was obviously influenced by a recent decision of this court construing pertinent provisions of the Oklahoma Workmen's Compensation Law to immunize a principal contractor from common law liability to an injured and duly compensated employee of its subcontractor.* Burk v. Cities Service Oil Company of Delaware, 10 Cir. 266 F.2d 433. *We of course followed the Oklahoma Court's construction* of the pertinent provision of its own act to the effect that the general contractor was a 'principal employer' not only of his direct employees but the employees of any subcontractor as well. *'The effect of law,' said the Oklahoma Court, 'is to prescribe a liability which is to become absolute unless a certain thing is done.* The fact that the absolute character is dependent on a. contingency does not alter the fact of its being a liability if designed as such.' Mid Continent Pipe Line Co. v. Wilkerson, Okl. [, 200 Okl. 335], 193 P.2d 586, 589. See also Jordon v. Champlin Refining Co., Okl. [200 Okl. 604,] 198 P.2d 408; Standard Roofing & Material Co. v. Chas. M. Dunning Construction Co., 10 Cir., 224 F.2d 449. * * *

"In a series of annotations culminating in 166 A.L.R. 813, the editors have analyzed and classified roughly into two categories cases bearing on our question. One group of cases construe relevant provisions of workmen's compensation acts as imposing liability upon the general contractor only if the independent or intermediate subcontractor fails to fully comply with the provisions of the act. All of these cases generally favor the retention of a common law right of action of an insured and compensated employee of a subcontractor against a negligent general contractor.

"The other group of cases construe relevant provisions of their acts as imposing absolute liability for the benefits of the act upon the general contractor, with consequent immunization from common law liability. See Anderson v. Sanderson & Porter, 8 Cir. 146 F.2d 58; Larson on Workmen's Compensation, Vol. 2, § 72.31, p. 175.

"Those cases which tend to favor retention or survival of common law liability of the general contractor proceed on the basic premise that everyone is answerable for his torts at common law unless such liability is statutorily abrogated or modified. *And that by preserving the right of an injured employee to pursue his common law remedy against a third party wrongdoer the legislature did not intend to exempt a general contractor from common law liability where no statutory liability attaches.* In other words, 'Where the subcontractor has secured compensation for his employees, a general contractor is under no statutory liability,' and is subject to common law liability. Clark v. Monarch Engineering Co., 248 N.Y. 107, 161 N.E. 436, 438. See Sweezy v. Arc Electrical Construction Co., 295 N.Y. 306, 67 N.E.2d 369, 166 A.L.R. 809.

"*From our analysis of the cases it seems accurate to say that apart from Missouri, no statute containing an exculpatory clause like Colorado has been construed to destroy the common law right of action of an injured and compensated employee of a subcontractor against a negligent general contractor. The Oklahoma Act does bear textual similarity to Colorado and*

*Missouri in that it makes a general contractor the 'principal employer' of all of the employees of his independent contractors and subcontractors and subjects him to direct liability under the act if he fails to require compliance with the act by his independent contractors or the subcontractor of an independent contractor. But unlike Colorado, the Oklahoma statute does not in clear language provide that the general employer 'shall not be subject to the provisions' of the act if he requires compliance with the act by all employers doing work under him. \* \* \**

"We know of course that the basic purpose of the so called 'statutory employer' provisions in the workmen's compensation acts is to vouchsafe the benefits of the act to all employees coming within their definitive provisions and to that end to prevent evasive action by all those who are engaged in a business or enterprise coming within their coverage. An equally basic purpose of the act is to make the remedies provided under the act exclusive and to insulate the employer, liable under the act, from any other liability whatsoever. Once however, this legislative objective is fully accomplished there seems no good reason for the further curtailment of the common law remedy. Indeed we see no statutory reason for not saying that the immunity from common law liability granted by the act should be coexistent with the factum of statutory liability. Of course it is within the legislative province to grant immunity from common law liability in return for vicarious statutory liability and the extent of the legislative intent is of course to be discerned from the particular language used in the enactments. But we ought not attribute to the legislature an intent to curtail the common law remedy unless such intent is manifest. And this is especially true where as here, we are but forecasters of what the state court may say about its state enactment. \* \* \*

"With great respect to the Colorado trial judge's interpretation of Colorado law we are nevertheless brought to the conclusion that the asserted common law right of action was not destroyed by the appellee's contingent employer liability.

"The judgment is reversed." (Emphasis supplied.)

It would appear that this would distinguish Oklahoma from Montana when we consider further the additional fact as quoted in *Cities Service Oil Co.* case, concerning § 12, Title 85 O.A.S. (The Oklahoma Act), "With immaterial exceptions, Section 12 of the Act makes *the remedy provided in Section 11 exclusive* of all other liabilities 'of the employer and any of his employees, at *common law or otherwise.* * * *' "

The quotes from Larson's Workmen's Compensation Law are an academic discussion of the problem but end up leaving us to our own devices with, "All of the above discussion presupposes that the various conditions for establishing the status of a statutory employer have been met * * * The immunity (from third party action) does not attach, for example, if the facts present * * * or if the actual employer was not a true subcontractor but an *independent contractor* over whom the general contractor had no control * * *."

Montana, as it will be demonstrated, has *no statute* which is as *strong* as Colorado much less Oklahoma. Neither state has the intentional exceptions pertaining to independent contractors inserted by our legislature and Montana has recognized and preserved under our Act the common law right to third party action to employees by section 92-204, R.C.M.1947, which provides in part:

"92-204. *Election of employer and employee to come under act—action against third party causing injury.* Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and such employee, as between themselves, of their right to any other method, form or kind of compensation, or determination thereof, or cause of action, action at law, suit in equity, or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee, except as such rights may be hereinafter specifically granted; and such election shall bind the employee himself, and in case of death shall bind his personal representative, and all

persons having any right or claim to compensation for his injury or death, as well as the employer, and those conducting his business during liquidation, bankruptcy or insolvency. *Provided, that whenever such employee shall receive an injury while performing the duties of his employment and such injury or injuries, so received by such employee, are caused by the act or omission of some persons or corporations other than his employer, then such employee, or in the case of his death his heirs or personal representatives, shall, in addition to the right to receive compensation under the Workmen's Compensation Act, have a right to prosecute any cause of action he may have for damages against such persons or corporations, causing such injury. * * *"*. (Emphasis supplied.)

And by *clear* and *concise* language qualified an employees' right to bring the third party action in cases involving contractors, *but excluding independent contractors,* in section 92-604, R.C.M.1947, as follows:

"92-604. *Employer liable when lets work to any other than independent contractor.* Where any employer procures any work to be done, wholly or in part for him, *by a contractor other than an independent contractor,* and the work so procured to be done is a part or process in the trade or business *of such employer, then such employer shall be liable to pay all compensation under this act to the same extent as if the work were done without the intervention of such contractor.* And the work so procured to be done shall not be construed to be 'casual employment.' " (Emphasis supplied.)

Again, the Montana legislature while defining employee and workman, section 92-411, R.C.M.1947, excludes independent contractors in the following language:

"92-411. *Employee and workman defined.* 'Employee' and 'workman' are used synonymously and mean every person in this state, *including a contractor other than an independent contractor'* who is in the service of an employer as defined by

the preceding section, under any appointment or contract of hire, expressed or implied, oral or written, * *.'' (Emphasis supplied.)

Prior to 1965, to supplement these statutes, the legislative definition of the independent contractor was set forth in section 92-438, R.C.M.1947, as follows:

"92-438. *Independent Contractor defined.* 'An independent contractor' is one who renders service in the course of an occupation, representing the will of his employer only as the result of his work, and not as to the means by which it is accomplished.''

In 1965 the legislature added the following language to section 92-438 *without any other statutory changes:*

"But the legal defense of independent contractor shall not bar otherwise compensable industrial accident claims against employers except when such defense is interposed on behalf of a party who has previously required the claimant's immediate employer to come within the Workmen's Compensation Act.''

This is the amended language we are asked to construe as to whether or not it makes primary employers of independent contractor statutory employers for all purposes and consequently immune from third party actions as provided in section 92-204, R.C M.1947.

The parties here do not disagree that prior to 1965 if the *employee* of an *independent contractor* claimed *benefits under the Workmen's Compensation Act against the principal employer* the principal employer could defeat the claim with the legal defense of *independent contractor* and pay no compensation and that the 1965 amendment provided that the *legal defense of independent contractor to a compensation claim by said employee of the independent contractor* could only *be used* if in the *first* instance the *principal employer* required the *independent contractor to come under the Workmen's Compensation Act* by requiring said independent contractor to carry compensation insurance.

Simply stated if the principal employer complies with section

92-438 as amended, he pays no compensation claims to employees of independent contractors. And if he fails to comply he is liable to pay compensation claims to employees of the independet contractor.

In view of the discussion herein and the rules known to all of us relating to statutory construction it is my opinion that when a common law right has been preserved by statute and when the legislature in clear and concise language removes part of this right as in section 92-604, R.C.M.1947, as it affects contractors and the act as a whole still contains the independent contractor exclusions, I do not believe we can give the 1965 amendment the same dignity as is given section 92-604 and agree with the Tenth Circuit Court in the *Thomas* case:

"* * * it is within the legislative province to grant immunity from common law liability in return for vicarious statutory liability and the extent of the legislative intent is of course to be discerned from the particular language used in the enactments. But we ought not attribute to the legislature an intent to curtail the common law remedy unless such intent is *manifest*." (Emphasis supplied.)

For these reasons the cause should be reversed.