MR. JUSTICE DALY
(dissenting):
I dissent.
This case turns on the interpretation of section 92-438, R.C.M. 1947, as amended by Section 1, Chapter 49 of the Laws of 1965r and since repealed by Section 2, Chapter 251, Laws of 1973. Therefore any in depth discussion on points of disagreement would be by any view academic and of little value to the bar of Montana.
I would only point out that the language contained in the 1965 amendment was not clear or as direct as it might have been to aid in the search for legislative intent. My views in the original treatment contained in Ashcraft v. Montana Power, .156 Mont. 368, 480 P.2d 812, recognized the power of the legislature to grant immunity from common law liability in return for vicarious statutory liability but the legislative intent must be manifest and of course conained within the Workmen’s Compensation as we stated in Kelleher v. Montana Aeronautics, 160 Mont. 365, 503 P.2d 29. The majority in Ashcraft found, the intent to limit third party actions but restricted the application to a narrow application within the terms of the 1965 amendment. We have followed this interpretation since that time.
It is my view that the majority here, makes a departure from the narrow application of Ashcraft when it considers the mandate of a criminal statute to satisfy the requirements of the Act placed on the employer, Beartooth' Electric, if they wish to avoid their responsibilitiy to the employees of the independent contractor to respond to a third party action.
MR. JUSTICE HASWELL concurs in the foregoing. dissent of MR. JUSTICE DALY.