LeROY B. BUERKLE, Plaintiff and Appellant, *v.* The MONTANA POWER COMPANY, Defendant and Respondent.

No. 11867.
Submitted February 4, 1971.
Decided March 17, 1971.
482 P.2d 564.

Bretz & Gabriel, Great Falls, E. J. McCabe, Jr., (argued) Great Falls, L. V. Harris (argued) Helena, for appellant.

Corette, Smith & Dean, Butte, Kendrick Smith (argued) Butte, James R. Anderson (argued) Butte, for respondent.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

The district court of Blaine County granted a motion for summary judgment for the defendant, Montana Power Company, and plaintiff, LeRoy G. Buerkle, appealed.

Plaintiff was employed as a lineman by Duty & Jones Construction Company at Havre, Montana. Duty & Jones had a

contractual agreement with the defendant for the construction of electrical lines and facilities which specifically designated Duty & Jones as an independent contractor and specifically required Duty & Jones to carry workmen's compensation insurance for its employees.

On April 26, 1968, Duty & Jones was installing a service line to a new dwelling near Harlem, Montana. Plaintiff climbed a pole on the main power line to attach a transformer and other necessary equipment. After plaintiff had attached the transformer and while he was waiting to complete further installation on the pole, a member of the construction crew moved a truck below causing a boom of a mechanical digger on the truck to strike a crossarm on the power pole. The pole snapped and fell, thereby injuring plaintiff.

Duty & Jones was insured under Plan III of the Montana Workmen's Compensation Act as required by their contract with defendant, and plaintiff received over $5,000 in medical and temporary total disability payments.

Plaintiff makes the following claims on appeal:

1. A landowner is under a duty to use reasonable care in maintaining its premises in a safe condition and to give warning of latent and concealed perils known, or which by the exercise of due care should be known to it, to an invitee who does not know or in the exercise of due care could not know about the peril, and this duty is the same whether the invitee is there as an employee of the landowner or of an independent contractor.

2. The defense of "statutory employer" is not available to a general contractor where his subcontractor is enrolled under the Workmen's Compensation Act and it is the contractor's negligence that causes injury to the subcontractor's employee.

3. Where injury results from two separate and distinct acts of negligence committed by different persons operating concurrently, both may be regarded as the proximate cause

and a recovery can be had against either or both and the question of proximate cause is always one for a jury.

This case is a sequel to Ashcraft v. Montana Power Company, 156 Mont. 368, 480 P.2d 812, recently decided by this Court. In *Ashcraft* and the present case, the defendant made an agreement with a contractor in which the contractor was specifically and expressly designated as an independent contractor who was required to carry workmen's compensation insurance. In both cases, the contractor had complete control of the details and means of accomplishing the project desired by the defendant, i.e. the contractor was an "independent contractor" in all aspects.

To reach a decision in *Ashcraft,* this Court cited section 92-438, R.C.M.1947, in pertinent part:

"* * * But the legal defense of independent contractor shall not bar otherwise compensable industrial accident claims against employers except when such defense is interposed on behalf of a party who has previously required the claimant's immediate employer to come within the Workmen's Compensation Act."

Then, in *Ashcraft,* Wells v. Thill, 153 Mont. 28, 32, 452 P.2d 1015, was cited for the principle that an "independent contractor" is solely liable to his employees under the statute for injuries sustained.

Bearing in mind the reasoning above, the self-evident result in *Ashcraft* was that a general employer under such circumstances is immune from third party liability suits. The same conclusion would mechanically follow in the present case except plaintiff charges section 92-438, R.C.M.1947, should be limited in effect to the Workmen's Compensation Act and should not be a bar to third party liability suits grounded on the common law. This Court does not agree with this reasoning.

To understand the scope of section 92-438, R.C.M.1947, it must be read in conjunction with sections 92-604 and 92-204, R.C.M.1947. Section 92-604, R.C.M.1947, provides:

"Where any employer procures any work to be done, wholly or in part for him, by a contractor other than an independent contractor, and the work so procured to be done is a part or process in the trade or business of such employer, then such employer shall be liable to pay all compensation under this act to the same extent as if the work were done without the intervention of such contractor. And the work so procured to be done shall not be construed to be 'casual employment.'"

The effect of this statute makes a general contractor liable for injuries sustained by employees of another contractor where the work project is a part or process in the trade or business of the general contractor. For example, if a general contractor hired another as a subcontractor, the general contractor would control and supervise the details and means of carrying out the work, and an employee of the subcontractor was injured, the general contractor would be liable for the employee's injuries if the project was a part of the business of the general contractor.

But, how extensive would the general contractor's liability be? Section 92-204, R.C.M.1947, provides this answer:

"Where both the employer and employee have elected to come under this act, the provisions of this act shall be exclusive, and such election shall be held to be a surrender by such employer and the servants, and employees of such employer and of such employee, as among themselves, of their right to any other method, form or kind of compensation, or determination thereof, or to any other compensation, or kind of determination thereof, or cause of action, action at law, suit in equity, or statutory or commonlaw right or remedy, or proceeding whatever, for or on account of any personal injury to or death of such employee * * *."

This portion of section 92-204 limits the general contractor's liability exclusively to compensation provided by the Workmen's Compensation Act.

How is this relative to section 92-438, R.C.M.1947? The

previously quoted portion of section 92-438 prevents a general contractor from using the defense of "independent contractor" where he does not require an employee's immediate employer to carry workmen's compensation insurance. Therefore, if the general contractor can not use the "independent contractor" defense, then he falls within the scope of section 92-604, which as previously described makes him exclusively liable for compensation under the Workmen's Compensation Act in accordance with section 92-204. Therefore, if section 92-438 in conjunction with sections 92-604 and 92-204 limit the liability of a general contractor exclusively to compensation under the Workmen's Compensation Act in circumstances just described, is it reasonable under the same statutes to assume that where a general contractor requires the employee's immediate contractor to carry workmen's compensation insurance, the general contractor is not immune from a common law liability suit as a third party? This Court does not believe so.

A contrary result would be abusive of the central theory behind the Workmen's Compensation Act. In Yurkovich v. Indus. Acc. Bd., 132 Mont. 77, 83, 84, 314 P.2d 866, in reference to the Workmen's Compensation Act, we said:

"This act is fundamental legislation enacted first for the protection and benefit of the injured workman, his wife and children, and other dependents. By force of the law the employee surrenders his right of an action in tort for injury or death. The act however assures him and his dependents of the protection of certain benefits in case of injury or death.

"Secondly, the act fixes a limited liability of the employer so that the economic loss caused by such accidents shall not rest upon the employee or the public, but that the industry in which the accident occurs shall pay in the first instance for the loss occasioned by such accident.

"In construing a statute the whole act must be read together,

and where there are several provisions or particulars such a construction is, if possible, to be adopted as will give effect to all."

The system of compensation under the Workmen's Compensation Act does not envision benefits drawn from a single employer by a common law tort action together with liability from workmen's compensation insurance.

An excellent dissertation on this subject is found in Larson's Workmen's Compensation Law, V. 2, § 72.31, pp. 189-195. Although the subject of the article concerns a subcontractor, the expounded theory might well be applied to an "independent contractor" as set out in section 92-438, R.C.M.1947. In particular, this language is helpful:

"Forty-four states now have 'statutory-employer' or 'contractor-under' statutes—i.e., statutes which provide that the general contractor shall be liable for compensation to the employee of a subcontractor under him, usually when the subcontractor is uninsured but sometimes without reference to the insured status of the subcontractor, doing work which is part of the business, trade or occupation of the principal contractor. Since the general contractor is thereby, in effect, made the employer for the purposes of the compensation statute, it is obvious that he should enjoy the regular immunity of an employer from third-party suit when the facts are such that he could be made liable for compensation; and the great majority of cases have so held.

"* * * A sounder result would seem to be the holding that the overall responsibility of the general contractor for getting subcontractors insured, and his latent liability for compensation if he does not, should be sufficient to remove him from the category of 'third party'. He is under a continuing potential liability; he has thus assumed a burden in exchange for which he might well be entitled to immunity from damage suits, regardless of whether on the facts of any particular case actual liability exists."

Since it has been held that an "independent contractor" is solely liable for injuries sustained by his employee where the "independent contractor" was required to comply with the Workmen's Compensation Act by his general contractor, and the facts of the present case exactly fit these circumstances, the issues presented on this appeal are preempted by that rule.

Amicus Curiae was permitted to file a brief and argue in this cause and the arguments presented have been considered by the Court in preparing our decision.

The judgment of the district court is affirmed.

MR. JUSTICES JOHN C. HARRISON and CASTLES, concur.

MR. JUSTICE HASWELL, concurs in the result only.

MR. JUSTICE DALY.

My views were expressed in Ashcraft v. Montana Power Co., 156 Mont., 480 P.2d 812, which is now the law of this state and under the rule of stare decisis I concur in the result only.