**Marion CAMPBELL, Plaintiff,**

**v.**

**SHELL OIL COMPANY, a Delaware corporation, Defendant.**

**Civ. No. 909.**

United States District Court,
D. Montana,
Billings Division.

Aug. 16, 1971.

L. R. Bretz, Great Falls, Mont., for plaintiff.

Stephen H. Foster, Crowley, Kilbourne, Haughey, Hanson & Gallagher, Billings, Mont., for defendant.

## MEMORANDUM OPINION AND ORDER

BATTIN, District Judge.

Defendant moves the court to grant summary judgment on his behalf. In order for defendant to be successful in this motion, there can be no genuine issues of fact in the litigation. Alaniz v. United States, 257 F.2d 108, 110 (10th Cir. 1958).

Plaintiff alleges that he was foreman for Daniel Oilfield Construction, Inc. Daniel was employed by the defendant to do general maintenance and corrective work on defendant's property. As part of plaintiff's work, he put alcohol into a pipe in order to thaw it out. He was inspecting this work when Peek, foreman for defendant, working in the scope of his employment, negligently

opened the valve in the pipe causing the fluid in the line to hit plaintiff in the face and knock him down. As a result of this event, plaintiff was injured.

Defendant, in support of his motion for summary judgment, argues that there is no genuine issue as to any material fact and that plaintiff's claim is barred by the Workmen's Compensation Act of Montana, specifically Revised Codes of Montana, 1947, §§ 92–204, –410, –438, and –604.

Section 92–204 provides that where both the employer and employee have elected to come under the Workmen's Compensation Act, the provisions of the Act are exclusive, and that the election constitutes a surrender by the employer and the employees of any other method of obtaining compensation for personal injury. The only applicable proviso to this provision states that when an employee receives an injury during the course of his employment, caused by negligence of persons or corporations other than his employer, he retains the right to receive workmen's compensation but also to proceed in damages against the person or corporation causing the injury.

Section 92–604 provides that when an employer hires work done on his behalf by a contractor, other than an independent contractor, and the work to be done is a part of the business of that employer, then he is liable for all compensation under the Workmen's Compensation Act to the same extent as if the work were done without the intervention of the contractor. Section 92–438 defines an independent contractor as one who "renders service in the course of an occupation, representing the will of his employer only as a result of his work, and not as to the means by which it is accomplished." In 1965, this section was amended by the addition of a provision barring the defense of independent contractor " * * * except when such defense is interposed on behalf of a party who has previously required the claimant's immediate employer to come within the Workmen's Compensation Act."

The Montana Supreme Court has construed these sections in two cases decided in 1971. In Ashcraft v. Montana Power Company, Mont., 480 P.2d 812 (1971), the Montana court dealt with the factual situation in which the plaintiff was an employee of a contractor who was stipulated to be an independent contractor of defendant Montana Power Company. Plaintiff was injured during the course of his employment and, after recovery under his immediate employer's workmen's compensation plan, sought to recover from Montana Power Company under a third-party claim. It was also stipulated that Montana Power Company had required plaintiff's immediate employer to comply with the Montana Workmen's Compensation Law.

The court decided that the issue in the case was whether the independent contractor defense, available to the general employer under § 92–438, when the immediate employer was required to carry workmen's compensation insurance, also provided the general employer with immunity from third-party suits. The court stated that this was, in fact, the case " * * * where complete control of the details and means of accomplishing the project are left to the employee's immediate employer, that is, where the immediate employer is an 'independent contractor'." Ashcraft, at 813.

The court stated that this rule of law was limited strictly to situations in which the plaintiff's immediate employer was an independent contractor, required to carry workmen's compensation insurance by his general employer. The rule was held not to apply to any other situation " * * * where the status of the injured employee's immediate employer is found to be other than an 'independent contractor,' or where the general contractor does not require an independent contractor to carry workmen's compensation insurance." Ashcraft, at 813.

Therefore, under the facts of the case, plaintiff's claim against the general contractor, Montana Power Company, was barred by the Montana Workmen's Compensation Act.

The liability of a general contractor was further defined in Buerkle v. Montana Power Company, Mont., 482 P.2d 564 (1971). In that case Montana Power Company contracted with Duty & Jones for construction of electrical lines and facilities. The contract specifically designated Duty & Jones as an independent contractor and required them to carry workmen's compensation insurance for their employees. Plaintiff was injured during the course of his employment for Duty & Jones. He recovered under their workmen's compensation plan. Plaintiff then filed a third-party claim against Montana Power Company to recover damages for the alleged negligence of Montana Power Company.

The court found that in *Buerkle*, as in *Ashcraft*, the contractor was designated by contract as an independent contractor, had complete control of the details and means of accomplishing the results defined by the general employer and was, in fact, an independent contractor in all respects.

The court found that *Ashcraft* would bar plaintiff from recovering under a third-party liability suit in a case such as *Buerkle*. However, plaintiff also argued that Section 92–438 should be limited in effect to the Workmen's Compensation Act and should not bar a third-party liability suit grounded in common law. In rejecting this contention, the court discussed the effect of Section 92–438 and ruled that that section must be read in conjunction with Sections 92–604 and 92–204.

Section 92–604 makes a general employer liable for injury done to the employee of the general employer's contractor, if it is not an independent contractor, just as if the injured party were an employee of the general employer. Section 92–204, however, places a limit upon the amount of that liability. The court held that Section 92–204 " * * * limits the general contractor's liability exclusively to the compensation provided by the Workmen's Compensation Act." *Buerkle*, 482 P.2d at 566.

Consequently, the court ruled that:

" * * * if the general contractor can not (sic) use the 'independent contractor' defense, then he falls within the scope of section 92–604, which as previously described makes him exclusively liable for compensation under the Workmen's Compensation Act in accordance with section 92–204. Therefore, if section 92–438 in conjunction with sections 92–604 and 92–204 limit the liability of a general contractor exclusively to compensation under the Workmen's Compensation Act in circumstances just described, is it reasonable under the same statutes to assume that where a general contractor requires the employee's immediate contractor to carry workmen's compensation insurance, the general contractor is not immune from a common law liability suit as a third party? This court does not believe so."

The effect of this rule is to substitute the general employer for the plaintiff's immediate employer, where the independent contractor defense is not available to the general employer. The general employer's liability under this rule, however, is restricted to workmen's compensation insurance.

When the rule of the *Ashcraft* and *Buerkle* cases is applied to the factual situation in the instant case, whether plaintiff's immediate employer, Daniel Oilfield Construction, Inc., was an independent contractor, is immaterial. Under the rule of *Ashcraft*, if Daniel is an independent contractor, the plaintiff is barred by Section 92–438 from collecting in a negligence action from the general employer, Shell Oil Company. If, on the other hand, Daniel is not an independent contractor, then, under the rule of *Buerkle,* the defendant is immune from a common law liability suit as a third party under Section 92–604 and Section 92–204.

Since defendant, in the instant case, required Daniel to carry workmen's compensation insurance, at a minimum the

common law liability suit of plaintiff against the Montana Power Company as a third party must fail under the rule of *Buerkle.*

It is therefore ordered and adjudged that the motion of defendant for summary judgment is granted.