No. 12321

IN THE SUPREME COURT OF THE STATE OF MONTANA

1972

---

GERALD A. LARSON,

                    Plaintiff and Appellant,

    -vs-

WATTERS CONSTRUCTION COMPANY INC.,
a Montana Corporation,

                    Defendant and Respondent.

---

Appeal from:  District Court of the First Judicial District,
              Honorable Gordon R. Bennett, Judge presiding.

Counsel of Record:

    For Appellant:

        Hoyt, Bottomly and Gabriel, Great Falls, Montana.
        Robert W. Gabriel argued, Great Falls, Montana.

    For Respondent:

        Hughes and Bennett and Alan F. Cain, Helena, Montana.
        George T. Bennett argued, Helena, Montana.

---

                        Submitted:  December 1, 1972

                        Decided: DEC    1972

Filed: DEC   1972

Thomas J. Kearney
                                    Clerk

PER CURIAM:

This is an appeal by the plaintiff from a summary judgment entered in favor of the defendant in the district court of Lewis & Clark County.

From the record it appears that plaintiff was injured while employed by an independent subcontractor who was working for the defendant contractor. The defendant contractor required the subcontractor to provide its employees with workmen's compensation and the subcontractor had done so. Plaintiff has collected his workmen's compensation benefits and medical benefits and then instituted this suit.

After completion of discovery defendant moved for summary judgment under Rule 56(b), M.R.Civ.P. Both parties submitted briefs, the matter was argued in the district court, the motion granted and this appeal followed.

Plaintiff admits that the action of the district court was based upon section 92-438, R.C.M. 1947, as interpreted in Ashcraft v. Montana Power, 156 Mont. 368, 480 P.2d 812, and Buerkle v. Montana Power Co., 157 Mont. 57, 482 P.2d 564. However, plaintiff asserts that the holdings in these cases as to classification are repugnant to the Fourteenth Amendment to the Constitution of the United States and Art. V, Sec. 26 of the Montana Constitution. Further, if the holdings are held to be constitutional they are not applicable in this case because of the Scaffold Act. (Sections 69-1401-1405, R.C.M. 1947)

In spite of plaintiff's arguments to the contrary, we are of the opinion that this case falls squarely within our holdings in Ashcraft and Buerkle and the immunity from suit granted a statutory employer, here the defendant, is as to all causes of action " * * * or statutory or common-law right or remedy, or proceeding whatever, for or on account of any personal

injury * * *." Section 92-204, R.C.M. 1947. This is also true in a vast majority of states. Larson in his work entitled "Workmen's Compensation Law", Vol. 2, § 72.31, asserts that 44 states have similar provisions in their statutory law.

We observe no necessity to enter into a lengthy discourse in this area since in the last few weeks we have rendered two opinions which further express our views. See Kelleher v. State, ____Mont.____, ____P.2d____, 29 St.Rep. 897 and State ex rel. Hammond v. Hager, ____Mont.____, ____P.2d ____, 29 St.Rep. 945.

The judgment is affirmed.