No. 12718

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

FRANCIS O. POULSON,

Plaintiff and Appellant,

-vs-

WALSH-GROVES et al.,

Defendants and Respondents.

---

Appeal from: District Court of the Eleventh Judicial District,
Honorable Robert C. Sykes, Judge presiding.

Counsel of Record:

For Appellant:

Measure, Cumming and Salansky, Columbia Falls,
Montana
James A. Cumming argued, Columbia Falls, Montana

For Respondents:

Garlington, Lohn and Robinson, Missoula, Montana
Gary L. Graham argued, Missoula, Montana

---

Submitted: January 10, 1975

Decided: FEB - 6 1975

Filed: FEB - 6 1975

Thomas J. Kearney
                                                    Clerk

Mr. Justice Wesley Castles delivered the Opinion of the Court.

This is an appeal from a summary judgment in favor of a prime contractor. Plaintiff, a workman employed by a subcontractor, was injured in a work train collision near Trego, Montana. The train was operated by an employee of the prime contractor. The subcontract agreement required the subcontractor to maintain workmen's compensation coverage. Subsequent to the accident plaintiff made claim for workmen's compensation benefits, which he received.

Two issues are raised on appeal:

(1) Does the "statutory employer" concept of section 92-438, R.C.M. 1947, violate the equal protection clauses of the United States and the 1889 Montana Constitutions?

(2) Does the 1972 Montana Constitution operate retrospectively to invalidate the immunity to statutory employers?

This Court has repeatedly ruled on issue one. See: State ex rel. Hammond v. Hager, 160 Mont. 391, 503 P.2d 52, where this Court upheld the agricultural exemption of the Act against an equal protection argument. On appeal to the United States Supreme Court, 411 U.S. 912, 93 S.Ct. 1548, 36 L ed 2d 303, that Court dismissed the appeal for want of a substantial federal question. Also, in Larson v. Watters Const. Co., 161 Mont. 48, 503 P.2d 996, this Court upheld the very provision involved in the instant case when presented with an argument that such a provision was violative of the equal protection clause of the Fourteenth Amendment to the Constitution of the United States and Art. V, Sec. 26 of the 1889 Montana Constitution. Larson cites Ashcraft v. Montana Power, 156 Mont. 368, 480 P.2d 812 and Buerkle v. Montana Power Co., 157 Mont. 57, 482 P.2d 564.

See also: Fiscus v. Beartooth/ Electric ____Mont.____, 522 P.2d 87, 31 St.Rep. 395.

- 2 -

Plaintiff-appellant acknowledges these holdings, but argues at length in a studious brief that the United States Supreme Court has enunciated a more strict standard of constitutional interpretation of the equal protection clause than it has used in the past. Appellant uses analysis of recent United States Supreme Court cases by Gunther, 86 Harvard Law Review 1, and Kwasnick, 26 Stanford Law Review 155, to attempt to show a new or different concept of the equal protection clause as it affects appellate court examination of legislation. The brief writer concludes the Court has now seemingly adopted a view that a close scrutiny of a statute will be made to ascertain whether the manner of accomplishing a permissible goal is in itself an acceptable manner. As applied to this case, appellant claims discrimination against himself out of proportion to possible benefits of the "statutory employer" legislation.

Appellant in his reply brief complains that respondents' brief is disappointing--"a failure to enter into a dialogue on the relevance of a remarkable, and well marked upon, application of the Equal Protection Clause." This Court has carefully examined the rationale previously expressed in the cases heretofore cited and finds no reason to change its holdings.

The second issue on appeal is whether Art II, Sec. 16, 1972 Montana Constitution should be given retroactive effect so as to bar immunity granted to statutory employees. That section provides in part:

> " * * * No person shall be deprived of this full legal redress for injury incurred in employment for which another person may be liable except as to fellow employees and his immediate employer who hired him if such immediate employer provides coverage under the Workmen's Compensation Laws of this state. * * *."

The instant case involved an accident on April 14, 1969. Suit was filed on April 11, 1972, just three days before the

statute of limitations would have expired. The rights of a workman under Art. II, Sec. 16, did not arise until the effective date of the new Constitution, July 1, 1973.

As appellant expresses it, the question for decision is whether there is a savings clause under which litigation pending at the time the 1972 Constitution went into effect, reaped the benefit. Appellant urges that by implication Sections 3 and 6 of the Transition Schedule applied the rights granted under Art. II, Sec. 16 retrospectively. Section 3 of the Transition Schedule with the Convention notes reads:

> "Section 3. Prospective Operation Of Declaration Of Rights
>
> "Any rights, procedural or substantive, created for the first time by Article II shall be prospective and not retroactive."

The Convention note reads:

> "Any new rights created in Article II take effect only after July 1, 1973. It does not create any rights for past events."

That language seems clear enough, but appellant argues that since "any rights * * * created for the first time" are prospective only, that other rights mentioned might be retrospective. The "other rights" are not explained. Here, clearly, the right to seek redress against a statutory employer is a right created for the first time. Appellant would use the general provisions of Section 6 of the Transition Schedule to override the clear meaning of Section 3. But even here, Section 6 states:

> "(2) The validity of * * * all suits, actions and rights of action, shall continue as if no change had taken place."

Thus, we hold that all of the operative events having arisen long before the effective date of the 1972 Constitution, the action was not governed by its provisions. Compare Fiscus

v. Beartooth Electric, ___Mont.___, 522 P.2d 87, 31 St. Rep. 395; State Highway Commission v. Olsen, ___Mont. ___, ___ P.2d___, ___St.Rep.___, decided February 5, 1975.

Having found no error we affirm the judgment.

_Wesley Castles_
Justice

We concur:

_____
Chief Justice

_Conway Harrison_

_Frank I. Haswell_

_Gene B. Daly_
Justices