No. 13794

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

GERALD E. PIPER; and THE MONTANA INSURANCE
FUND OF THE WORKMENS' COMPENSATION DIVISION
et al.,

Plaintiffs and Appellants,

-vs-

LOCKWOOD WATER USERS ASSOCIATION; et al.,

Defendants and Respondents.

Appeal from:   District Court of the Thirteenth Judicial District,
Honorable Robert Wilson, Judge presiding.

Counsel of Record:

For Appellants:

Lewis E. Brueggemann argued, Billings, Montana

For Respondents:

Crowley, Haughey, Hanson, Toole and Dietrich,
Billings, Montana
H. Elwood English argued, Billings, Montana
Anderson, Symmes, Forbes, Peete & Brown, Billings,
Montana

Submitted:   September 19, 1977

Decided:JAN -6 1978

Filed:

Thomas J. Kearney
Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

This is an appeal from a summary judgment entered against plaintiff Gerald E. Piper in a personal injury action by the District Court, Yellowstone County.

Plaintiff at the time of his injury was employed by Harold L. Mooney, painting contractor, and was and had been for years covered in his employment under Plan III of the Workers' Compensation Act. On April 30, 1971 plaintiff was working inside a huge water tank, owned by defendant Lockwood Water Users Association, on a scaffold leased by Lockwood, under written agreement, from Montana Powder & Equipment Co. Lockwood transported and erected the scaffold to be used by Mooney's paint crew. While working on the scaffold, it collapsed and plaintiff was injured. Lockwood did not by contract or otherwise require Mooney to conform to section 92-438, R.C.M. 1947.

An action was filed joining defendant Lockwood and Montana Powder & Equipment Co. et al. Lockwood defended on contributory negligence and assumption of risk by plaintiff. Lockwood also cross-complained against Montana Powder & Equipment Co.

On September 17, 1976, plaintiff moved to strike the defenses of contributory negligence and assumption of risk as improperly raised, as these defenses were in law foreclosed by Montana's Scaffold Act, section 69-1401, et seq., R.C.M. 1947. Defendants in turn each filed motions for summary judgment. On October 5 all motions were denied.

On January 20, 1977, defendant Montana Powder & Equipment Co. filed the printed rental agreements, both of which contain "hold harmless" and "indemnifying" clauses inuring to its benefit. Both defendants renewed their motion for summary judgment. Plaintiff renewed his motion to strike the defenses of contributory negligence and assumption of risk.

- 2 -

On March 2, 1977, the court denied plaintiff's motion to strike and denied Montana Powder & Equipment's motion for summary judgment. However, it granted defendant Lockwood Water Users Association's motion for summary judgment. Plaintiff appeals from the summary judgment.

The issues presented on appeal are:

1. Should plaintiff be precluded from a recovery against the landowner or occupier for injuries sustained by him by reason of the landowner or occupier's negligence, because plaintiff and his immediate employer elected to be covered by the Workers' Compensation Act?

2. Was the granting of summary judgment as to defendant Lockwood Water Users Association improper as a matter of law?

3. Did the District Court err in denying plaintiff's motion to strike the affirmative defenses of contributory negligence and assumption of risk?

Harold Mooney orally contracted with defendant Lockwood to sandblast and paint the interior of its water storage tank. However, Lockwood rented, supplied and erected the scaffolding owned by Montana Powder & Equipment Co. inside the Lockwood water tank prior to plaintiff's arrival at the job site. The scaffolding was erected on wheels and the shafts from the wheels were inserted into each hollow metal leg of the scaffolding. A bolt or pin is normally inserted through the horizontal holes in the legs of the scaffolding, and through the hole in the shaft attached to the wheel. This safety measure prevents the wheel from falling out. No pins or bolts were inserted to hold the wheels in this scaffolding and plaintiff was not warned they were not properly secured. It was customary to move the scaffolding with the workmen remaining on it, because of the heavy equipment. When the scaffolding was rolled along the steel tank floor, a

depression or dip was encountered and one or more wheels fell out because they lacked a horizontal pin. As a result the scaffolding tipped, plaintiff fell off the scaffolding and parts of the scaffolding fell on him.

There is no serious fact dispute between the parties. The controlling issue is whether the injured workman can be denied his right to a third party action on these facts under the Workers' Compensation Act.

Defendant Lockwood relies entirely on Fiscus v. Beartooth Electric (1974), 164 Mont. 319, 522 P.2d 87, to support its argument that it became a statutory employer and was immune to third party action.

It would be well to recognize that this class of cases turns on some direct or indirect application or enlargement of the foundation case, Ashcraft v. Montana Power Company (1971), 156 Mont. 368, 480 P.2d 812, which rendered an interpretation of section 92-438, R.C.M. 1947, as amended by Sec. 1, Chap. 49, Laws of 1965; and since repealed by Sec. 2, Chap. 251, Laws 1973 [as mandated by the 1972 Montana Constitution]. Therefore, any in depth discussion on points of disagreement, other than case references, would be an exercise in futility considering the entire matter except for this cause is moot and would be of no value to the Bar of Montana as precedent or otherwise.

A reading of Ashcraft will set the stage for all of the bitter controversy that followed and the major points of disagreement. Whichever point of view to which litigants might subscribe does not alter the plain language of limitation the majority of this Court put on its holding in Ashcraft:

> "This rule of law * * * is strictly limited to
> circumstances in which the injured employee's
> immediate employer is an independent contractor
> who is required to carry workmen's compensation
> insurance by his general employer. This rule of

law does not apply to any other situation where the status of the injured employee's immediate employer is found to be other than an 'independent contractor,' <u>or where the general contractor does not require an independent contractor to carry workmen's compensation insurance.</u> * * *" (Emphasis supplied.) 156 Mont. 370, 371.

Further, the statute and <u>Ashcraft</u>'s interpretation thereof as they concern the elimination of the common law right of third party action must be strictly construed. Madison v. Pierce (1970), 156 Mont. 209, 478 P.2d 860. These legislative eliminations of the right must also be found within the Workers' Compensation Act and strictly construed. Kelleher v. State and Montana Aeronautics Comm. (1972), 160 Mont. 365, 503 P.2d 29.

The majority in <u>Ashcraft</u> found an intent in section 92-438, R.C.M. 1947, to limit third party actions but, as demonstrated above, <u>limited</u> the application to a very select class of cases. We have followed the rule and its narrow application since that time in a series of cases beginning with Buerkle v. Montana Power Company (1971), 157 Mont. 57, 482 P.2d 564, through Poulson v. Walsh-Groves (1975), 166 Mont. 163, 531 P.2d 1335, with one notable exception, Fiscus v. Beartooth Electric (1974), 164 Mont. 319, 522 P.2d 87. The majority in <u>Fiscus</u> agreed that it was not an <u>Ashcraft</u> case and proceeded to ignore the rationale it established in <u>Ashcraft</u> and its limitation as well. The majority reached a desired result and then backed into a long explanation to support this result and ended up with a classic example of judicial legislation. The contractual force of <u>Ashcraft</u> is replaced by an old misdemeanor statute, section 92-207, R.C.M. 1947, which was enacted to compel those in hazardous industry to come under the Workers' Compensation law. This hurdle having been overcome, it was easy then to proceed to overlook the limiting paragraph of <u>Ashcraft</u> and speak in broad general terms concerning section 92-604 and section 92-204, R.C.M. 1947, which have no bearing on

- 5 -

independent contractor situations.

Fiscus violates Ashcraft and all other cases cited herein and its holding is best described by Lockwood Water Users in its brief on appeal in this manner:

> " * * * If the general employer is to be subject to such liability, the court reasons, it is only fair that he also have the same immunity under the Worker's Compensation Act if there is insurance to cover the workman." (Emphasis supplied.)

This may be a very fine attitude and an equitable method for a final determination, however, the Workers' Compensation law does not lend itself to this kind of interpretation when the right to a third party suit is under consideration, as heretofore pointed out.

This Court cannot affirm the rationale or result reached in Fiscus by giving it precedential recognition in this case. Therefore, we overrule in its entirety Fiscus v. Beartooth Electric (1974), 164 Mont. 319, 522 P.2d 87.

The summary judgment entered in this cause is ordered vacated and the matter remanded to the District Court for further proceedings.

_____
                    Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices