No. 14640

IN THE SUPREME COURT OF THE STATE OF MONTANA

1979

---

STATE OF MONTANA ex rel
JUNE RHODES, DON DIEHL and
DELBERT GRIFFIN,

Relators,

-vs-

THE DISTRICT COURT OF THE FOURTH
JUDICIAL DISTRICT OF THE STATE OF
MONTANA, IN AND FOR THE COUNTY OF
MISSOULA, AND THE PRESIDING JUDGE
OF DEPARTMENT 1 thereof,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

    For Relators:

        Garlington, Lohn and Robinson, Missoula, Montana

    For Respondents:

        Murray and Holt, Missoula, Montana

---

Submitted on briefs: April 2, 1979

Decided: AUG - 9 1979

Filed: AUG - 9 1979

Thomas J. Kearney
                        Clerk

Mr. Justice Gene B. Daly delivered the Opinion of the Court.

On February 21, 1975, respondent court granted a summary judgment in favor of relators in a suit brought by Richard F. Winter and Linda Lee Winter. The court's ruling was based on the holding in Fiscus v. Beartooth Electric Cooperative, Inc. (1974), 164 Mont. 319, 522 P.2d 87. No appeal was taken by the Winters.

Shortly after this Court overruled *Fiscus* in Piper v. Lockwood Water Users Association (1978), ____ Mont. ____, 573 P.2d 646, 35 St.Rep. 9, the Winters filed a motion pursuant to Rule 60(b)(5) and (6), M.R.Civ.P., to set aside the judgment entered in 1975 on the basis of the overruling of *Fiscus.* On February 21, 1978, the District Court vacated the 1975 judgment, and relators appealed. This Court dismissed the appeal on January 29, 1979, but without prejudice to the filing of an application for a writ of supervisory control. Winter v. Rhodes (1979), ____ Mont. ____, 589 P.2d 1021, 36 St.Rep. 217. Relators then applied for a writ of supervisory control which application was accepted February 8, 1979.

Relators bring this matter before the Court on a writ of supervisory control seeking to overturn respondent court's order of February 21, 1978, vacating an earlier order granting summary judgment in favor of relators (February 21, 1975).

The pertinent facts are that on or about March 11, 1971, Richard F. Winter was injured in a logging accident. At the time Winter was employed by Charles F. Keller, an independent contractor, who hauled logs for relators Rhodes and Diehl. After the accident Winter received Workers' Compensation benefits through the carrier for his employer, Charles Keller. Relator Griffin was, at the time of the accident, an employee of relators Rhodes and Diehl. Winter filed suit on March 8, 1974, against relators seeking damages for

personal injury.

The question presented here is whether Rule 60(b)(5) and (6), M.R.Civ.P., allows vacation of a judgment solely on the basis that the case upon which the judgment was founded has been overruled. Relators contend that it does not. We agree.

The facts in the instant case are almost parallel to those this Court addressed in Fiscus v. Beartooth Electric Cooperative, Inc. (1979), ___Mont.___, 591 P.2d 196, 36 St.Rep. 333 (Fiscus II). Fiscus was initially denied relief in 1974 in Fiscus v. Beartooth Electric Cooperative, Inc. (1974), 164 Mont. 319, 522 P.2d 87 (Fiscus I). Four years later this Court overruled Fiscus I in Piper v. Lockwood Water Users Association (1978), ___Mont.___, 573 P.2d 646, 35 St.Rep. 9. Based on this reversal Fiscus moved to vacate the earlier judgment. This motion was denied, and the denial was upheld by this Court in Fiscus II, supra.

In Fiscus II this Court stated ". . . only in an extraordinary case should Rule 60(b) be granted. There is considerable authority holding that when a decision is later overruled by a court, that it is not extraordinary . . ." 591 P.2d at 199 (citing cases). We went on to note:

> ". . .that while 60(b)(5) authorized relief from a judgment on the grounds that a prior judgment upon which it is based has been reversed or otherwise vacated, it does not authorize relief from a judgment on the ground that the law applied by the court in making its adjudication has been subsequently overruled or declared erroneous in another and unrelated proceeding. . . (citations omitted). . . there is ample support in the federal courts. . . that when a decisional law change occurs, subsequent to final judgment in a particular case . . . final judgment should not be altered." 591 P.2d at 200.

-3-

As this Court is bound by its decision in <u>Fiscus II</u>, further discussion is unnecessary. In vacating the summary judgment, the District Court exceeded its scope of authority under Rule 60(b)(5) and (6), M.R.Civ.P.

We, therefore, reverse and order the District Court to rescind its order vacating summary judgment and reinstate summary judgment in favor of the relators.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-4-