No. 93-582

IN THE SUPREME COURT OF THE STATE OF MONTANA

1994


C. D. BURRINGTON,

      Plaintiff and Respondent,

    v.

ANTHONY C. WELZENBACH, and all other persons,
known or unknown, who claim or may claim any
right, title, estate, lien, encumbrance or
interest in the real property described in the
complaint adverse to Plaintiff's title thereto,

      Defendant, Third-Party Plaintiff,
      and Appellant,

    v.

LEE E. BURRINGTON,

      Third-Party Defendant and Respondent.

FILED

OCT 13 1994

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA


APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Micheal H. Keedy, Judge presiding.


COUNSEL OF RECORD:

      For Appellant:

          Anthony C. Welzenbach, Pro se, Kalispell, Montana

      For Respondents:

          Paul A. Sandry and Mark L. Stermitz, Warden,
          Christiansen, Johnson & Berg, Kalispell, Montana


                     Submitted on Briefs:  July 6, 1994

                             Decided: October 13, 1994

Filed:

                         Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Appellant Anthony C. Welzenbach appeals from an order of the Eleventh Judicial District Court, Flathead County, denying his motion to set aside judgment. We affirm.

We state the issue as follows:

Did the District Court abuse its discretion in denying Welzenbach's motion to set aside judgment?

On August 2, 1990, respondent C. D. Burrington filed a complaint to quiet title to real property naming Welzenbach as a defendant. On March 31, 1992, Welzenbach filed his answer, counterclaim, cross-claim, and third-party complaint against Lee E. Burrington. The Burringtons then filed a notice of taking deposition, naming Welzenbach as the deponent. Welzenbach failed to appear for the deposition. As a result, Lee E. Burrington filed a motion pursuant to M. R. Civ. P. 37(b)(2)(C) to strike Welzenbach's counterclaim, cross-claim, and third-party complaint. C.D. Burrington filed a motion for summary judgment against Welzenbach pursuant to M. R. Civ. P. 56. On May 6, 1993, the court held a hearing on the Rule 37 motion to strike and the Rule 56 motion for summary judgment. Welzenbach failed to respond to either of the motions or to appear at the hearing. On May 21, 1993, the court issued its order dismissing Welzenbach's counterclaim, cross-claim, and the third-party complaint. The court also granted the motion for summary judgment. Welzenbach

filed a motion to set aside the judgment, which the court dismissed. Welzenbach appeals the court's dismissal of his motion.

Neither Welzenbach's motion to set aside judgment, nor his brief in support of his appeal to this Court, states the particular Rule of Civil Procedure upon which he seeks relief. Welzenbach's motion is grounded in M. R. Civ. P. 60(b), which sets forth the reasons entitling a party to relief from a final judgment or order when a timely objection is made.

Our standard of review relating to discretionary trial court rulings on post-trial motions is whether the trial court abused its discretion in denying the motion. Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 603-04. We have held that only in an extraordinary case should a M. R. Civ. P. 60(b) motion be granted. State ex rel. Rhodes v. District Court (1979), 183 Mont. 394, 396, 600 P.2d 182, 183; Fiscus v. Beartooth Elec. Co-op, Inc. (1979), 180 Mont. 434, 439, 591 P.2d 196, 199.

The court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

M. R. Civ. P. 60(b).

3

In his motion to set aside the judgment, Welzenbach states that he had no knowledge of the May 6, 1993, hearing on the Burringtons' motion to strike and motion for summary judgment.

The record shows that on February 16, 1993, the Burringtons' attorney served a copy of the motion to strike and the motion for summary judgment on Welzenbach's attorney. On February 18, 1993, Welzenbach's attorney filed a motion to withdraw as counsel. That motion was granted on February 24, 1993. The court ordered that all notices in the matter should then be mailed to Welzenbach's Kalispell address. On March 15, 1993, the Burringtons' attorney served notice of the May 6, 1993, hearing on Welzenbach at the designated address.

In its May 24, 1993, judgment, the court stated that Welzenbach had "been duly advised and notified of said motions, [and] failed to respond or appear to contest the motions." The record supports the court's finding. Welzenbach has failed to demonstrate that this is the extraordinary case, or that any of the six criteria set forth in Rule 60(b), M.R.Civ.P., exist.

We hold that the District Court did not abuse its discretion in denying Welzenbach's motion to set aside the judgment.

We affirm.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document

4

with the Clerk of the Supreme Court and by a report of its result to Montana Law Week, State Reporter and West Publishing Company.

_____
                Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

5